In the

# United States Court of Appeals

## For the Seventh Circuit

_____

No. 12-3726

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

PATRICK T. EVANS,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 09-CR-157 — **Rudolph T. Randa**, *Judge.*

_____

ARGUED APRIL 10, 2013 — DECIDED AUGUST 16, 2013

_____

Before POSNER, WOOD, and WILLIAMS, *Circuit Judges.*

WOOD, *Circuit Judge*. In 2010 a jury convicted Patrick
Evans of being a felon in possession of a firearm, in violation
of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and of possessing
cocaine and marijuana with intent to distribute it, in
violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D).
The court sentenced him to 55 months' imprisonment
followed by three years of supervised release. Shortly
thereafter, he was convicted in Wisconsin state court on two

charges involving sexual abuse of a minor. The state court sentenced him to five years of probation and ordered that this should follow his federal term of supervised release. When the district court learned of Evans's state sex-offense convictions two years later, it modified the terms of Evans's original sentence to require Evans to attend a sex offender assessment and treatment program while on supervised release for his federal convictions.

On appeal, Evans challenges the district court's modification of the conditions of his supervised release. He argues first that the district court did not have the authority to change the terms when he did not violate the existing terms, and second that the court was not authorized to impose sex-offender treatment because it is unrelated to his crimes of conviction in federal court. We find no merit in either of these points. District courts have wide latitude to modify the terms of supervised release regardless of whether the defendant violated the original terms. Evans's second argument presents a closer call: the terms of supervised release must be reasonably related to the goals of sentencing—deterrence, rehabilitation, and protecting the public—in light of the history and characteristics of the defendant. Because Evans's sex-offense conviction was contemporaneous to his drug and firearm convictions, the goals of rehabilitation and protecting the public justified the district court's decision to impose sex-offender treatment.

# I

On February 4, 2010, Evans received his sentence for the federal drug and firearm offenses. Eleven days later, he pleaded no contest in Wisconsin state court to one count of "child enticement-sexual contact" and one count of "sex

with a child age 16 or older." The criminal complaint underlying these charges alleged that Evans abducted a 16-year-old girl; forced her to smoke crack; watched her have sex with another woman; and had sexual intercourse with her twice. The semen extracted from a condom found at the crime scene and from vaginal and cervical swabs of the victim matched Evans's DNA profile. The record does not reflect whether Evans accepted responsibility for all of the alleged misconduct when he pleaded no contest to these charges. The Wisconsin state court sentenced Evans to five years of supervised release, during which he would be required to undergo sex-offender treatment. This state supervised release term was to follow his three years of federal supervised release.

Evans began serving his federal supervised release term on June 29, 2012. Shortly thereafter, the United States Probation Department contacted the Wisconsin Department of Corrections regarding Evans's sex-offense convictions. Wisconsin officials reported that Evans would be required to attend sex-offender therapy as a condition of his state supervised release. Rather than wait three years for the federal supervised release to end before starting Evans's sex offender therapy, the probation department petitioned the district court to include sex-offender therapy in Evans's federal supervised release, "to provide a risk assessment and interventions designed to reduce the likelihood this behavior would occur in the future."

On November 20, 2012, the district court held a hearing to address the probation department's petition. The court explained that "Evans's status before the court today [is] not what it was when it sentenced him and set the conditions for

supervised release," since the court could not take the sex offenses into account at the original sentencing because Evans had not yet been convicted of those charges. It concluded that the supervised release terms could be modified in light of these "changed circumstances" and accepted the probation department's recommendation to order Evans to attend sex-offender treatment while serving his federal supervised release.

## II

Because Evans objected to the new condition, we review the district court's decision for an abuse of discretion. *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002). Evans first argues that the district court lacked authority to modify the terms of his supervised release because he did not violate the original conditions. We can readily dispose of this claim. The statute governing supervised release, 18 U.S.C. § 3583(e)(2), allows a district court "to modify, reduce or enlarge the conditions of supervised release *at any time* prior to the expiration or termination of a defendant's term of supervised release, pursuant to … Federal Rule of Criminal Procedure [32.1] and the provisions applicable to the initial setting of terms and conditions of post-release supervision." (Emphasis added). When initially setting the terms and conditions of post-release supervision, the court is to "consider[] the factors set forth in §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(c). The factors set forth in § 3553(a) include "the nature and circumstances of the offense and the history and characteristics of the defendant"; and "the need for the sentence imposed [] to afford adequate deterrence to criminal conduct," "to protect the public from further crimes of the defendant," and "to

provide the defendant with needed educational or vocation-al training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §§ 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D).

Nothing in Section 3583(e)(2) requires a violation of existing conditions, or even changed circumstances, and Evans identifies no authority that suggests as much. To the contrary, that statute expressly refers to "the provisions of the Federal Rules of Criminal Procedure" relating to modifications of probation or the initial imposition of supervised release, and Rule 32.1 (the relevant rule) has a Committee note explaining that "conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation." We have explained that "just as the district court has wide discretion when imposing the terms of supervised release, so too must it have wide discretion in modifying the terms of that supervised release." *Sines*, 303 F.3d at 800 (citation omitted). This rule is sensible: one can envision a host of scenarios in which it would serve both the defendant and the penological system to allow district courts latitude to modify terms of supervised release even though the defendant has not violated them. For instance, a defendant may demonstrate quicker-than-expected rehabilitation that justifies lifting a restrictive condition earlier than originally prescribed; or a new, more effective treatment may become available for a defendant's condition (perhaps a new form of drug abuse therapy, or treatment for psychological conditions); or the defendant's behavior in prison might persuade the district court that more stringent terms are appropriate. The law gives the district court the power to modify the terms of

supervised release in order to take account of changed circumstances, whether or not the defendant has already violated existing terms.

## III

Even if the district court had the power to make changes, Evans argues that it went too far in his case. Any modification, like the original conditions, must (1) be "reasonably related to the factors identified in § 3553(a), including the nature and circumstances of the offense and the history and characteristics of the defendant; (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth in § 3553(a); and (3) [be] consistent with the policy statements issued by the Sentencing Commission." *United States v. Ross*, 475 F.3d 871, 873 (7th Cir. 2007). Policies emphasized by the Sentencing Commission include deterrence, rehabilitation, and protecting the public. *Id.* Evans contends that the sex-offender treatment condition does not meet these criteria because it is unrelated to the gun and drug offenses for which he was being sentenced.

*Ross* presented a question similar to the one now before us. The defendant was convicted of making false statements to the FBI, and the court imposed sex-offender treatment as a special condition of supervised release. Ross argued that the sex-offender treatment was not reasonably related to his offense of conviction. Nothing in the indictment, plea agreement, or pre-sentence report suggested that sexual misconduct was part of the charged offense. Ross further claimed that the sex-offender treatment was not reasonably related to his personal history, as he had never been charged

with or convicted of a sex offense. *Id.* We concluded that the sex-offender condition was reasonably related to the offense because Ross's lies to the FBI indicated that he "fantasized about crimes against children." *Id.* at 875. Even so, *Ross* does not answer the question we are faced with here. First, the standard of review was more deferential in *Ross*: the question was only whether the challenged conditions amounted to a miscarriage of justice, not whether they were an abuse of discretion. *Id.* Second, in *Ross* the defendant's lies to the FBI related to crimes involving children. Thus, one could see how the offense conduct for which Ross was being sentenced related to child abuse.

Other circuits have addressed situations like Evans's, where sexual abuse has nothing to do with the offense underlying the sentencing and the standard of review is abuse of discretion. The majority hold that there must be some connection between the defendant's prior sexual misconduct and the present application of the factors set forth in Section 3553(a). One way in which that connection can be shown is temporal. Even if there is no substantive connection between the crime of punishment and the defendant's sexual misconduct, the sexual misconduct may be so recent or prominent in the defendant's behavior that a sentencing court aiming to protect the public and rehabilitate the defendant would be entitled to address it.

Other courts have upheld sex-offender treatment conditions when the sexual misconduct was so recent as to be a contemporary characteristic of the defendant's offender profile at the time of sentencing; they have vacated such conditions if the defendant's last incident of sexual misconduct is so remote in time that it does not support any

present need to rehabilitate the defendant or protect the public. For instance, in *United States v. Scott*, 270 F.3d 632 (8th Cir. 2001), the Eighth Circuit vacated a sex-offender treatment condition included in the defendant's sentence for the crime of armed robbery, when the condition was predicated on a sexual offense that occurred in 1986. *Id.* at 633. The court reasoned that because there was no evidence that the defendant "has a propensity to commit any future sexual offenses, or that [he] has repeated this behavior in any way since his 1986 conviction …, the special conditions seem unlikely to serve the goals of deterrence or public safety, since the behavior on which the special conditions are based, though highly reprehensible, has ceased." *Id.* at 636. But in *United States v. Smart*, 472 F.3d 556 (8th Cir. 2006), the same court affirmed sex-offender treatment in a sentence for being a felon in possession of a firearm, where the defendant's sex offenses had occurred more recently, in 1999. The court explained that "Smart's sexual offenses were much closer in time to the imposition of special sex offender conditions" than were the sex offenses in *Scott. Id.* at 559. In contrast to Scott, who had no history of sexual misconduct in over a decade, Smart was still on probation for the latest sexual abuse offense at the time that he committed the present offense, and he still had an outstanding warrant for a probation violation on the latest sexual abuse offense. *Id.*

The Ninth Circuit has held that "supervised release conditions need not relate to the offense for which [defendant] was convicted so long as they satisfy any of the conditions set forth [in Section 3553(a)]." *United States v. T.M.*, 330 F.3d 1235, 1240 (9th Cir. 2003). But in that case, the court vacated a sex-offender treatment condition because a prior kidnapping conviction and charges of a previous

sexual relationship with a minor had occurred twenty and forty years earlier, and "[s]upervised release conditions predicated upon twenty-year-old incidents, without more, do not promote the goals of public protection and deterrence." *Id.* at 1240. Citing these decisions, the Sixth Circuit vacated a sex-offender treatment condition that was predicated on a sexual offense committed 17 years earlier in the sentence for a firearms conviction. *United States v. Carter*, 463 F.3d 526, 532-33 (6th Cir. 2006). But the court found that the sex- offender treatment could be predicated on the defendant's two-year-old stalking conviction, so long as the district court verified that the defendant "committed the offense in a sexual manner." *Id.* at 533. See also *United States v. Weatherton*, 567 F.3d 149, 154 (5th Cir. 2009) (sex offender conditions could be predicated on a 1979 rape conviction and a 2007 warrant charging the defendant with rape, because the rape allegations in the 2007 warrant were specific and contained sufficient indicia of reliability); *United States v. Hahn*, 551 F.3d 977, 984 (10th Cir. 2008) ("While the sex offender conditions imposed on Mr. Hahn do not relate to the nature and circumstances of his offense, they do relate to his history and characteristics, given his *recent* conviction for a sex offense involving minor children. The conditions are also reasonably related to the need 'to protect the public from further crimes of the defendant.'") (emphasis added).

The common theme in these decisions is that sex-offender treatment is reasonably related to the factors in Section 3553(a), even if the offense of conviction is not a sex offense, so long as the sexual offenses are recent enough in the defendant's history that the goals of rehabilitation and protecting the public justify an order for treatment. We agree with the other circuits that have held that there must be

some nexus shown between the sexual misconduct and applicability of the Section 3553(a) factors for the current offense. Had Evans's last incident of sexual misconduct occurred in 1990, rather than 2010, we would have a serious possibility of abuse of discretion on our hands. It is difficult to see how sex-offender therapy would suddenly be necessary twenty years later to rehabilitate Evans or to protect the public. But Evans's sexual misconduct occurred at nearly the same time as his drug and firearm offenses. When Evans stood before the sentencing court, the sexual offenses were not a remote part of his history, but instead part of his pending, unpunished criminal conduct. The district court's discretion extends to the ability to address a defendant's recent and still-untreated sexual offenses, as part of its authority to impose supervised-release terms designed to deter future crimes, rehabilitate the defendant, and protect the public.

* * *

We AFFIRM the judgment of the district court.