[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10838
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00046-SDM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE E. MCCLAMMA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 12, 2013)

Before PRYOR, MARTIN, and JORDAN, Circuit Judges.

PER CURIAM:

Kyle E. McClamma appeals the district court's denial of his motion for termination of his life term of supervised release. *See* 18 U.S.C. § 3583(e)(1). Mr. McClamma argues that the district court failed to properly consider the factors set forth in 18 U.S.C. § 3553(a), as required by § 3583(e)(1), and assigned improper weight to his failed polygraph exams and the opinion of the probation officer.

Mr. McClamma also challenges Special Condition No. 3 of the terms of his supervised release on the grounds that his similar pre-trial restriction against having contact with minors excluded his daughter, there was no notice that the exclusion would not be applicable to his terms of supervised release, and the restriction was unwarranted given the low risk he presented of committing a hands-on offense. He further objects to the requirement that he attend and pay for sex offender treatment and the restriction against his internet use as being unjustly burdensome and punitive.

We review the denial of a motion to modify supervised release, in this case to terminate supervised release, for an abuse of discretion. *See United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (reviewing a motion for revocation of supervised release, pursuant to 18 U.S.C. § 3583(e)(3), for an abuse of discretion). In relevant part, § 3583(e)(1) permits a district court to terminate a term of supervised release after the completion of one year of the term if, after considering specified factors set forth in § 3553(a), the court determines that such

2

action is warranted by the defendant's conduct and is in the interest of justice. 18 U.S.C. § 3583(e)(1). The Supreme Court has explained that the purpose of supervised release "is to improve the odds of a successful transition from the prison to liberty." *Johnson v. United States,* 529 U.S. 694, 708-09 (2000). By requiring courts to consider §§ 3553(a)(1), (a)(2)(B)–(D), and (a)(4)–(7), Congress has indicated that the history and characteristics of the defendant, the nature of the offense, deterrence, public protection, training and education, the applicable guideline range for the offense, and avoidance of an unwarranted sentence disparity with similarly situated defendants are all relevant to the determination whether to modify a term of supervised release. *See* 18 U.S.C. § 3583(e)(1).

Here, in denying Mr. McClamma's motion both at the hearing and in a written order, the district court indicated that it had considered the entire record, expressly referenced the § 3553(a) factors, emphasized the need to protect the community from sex offenders like Mr. McClamma, and concluded that his behavior indicated that he still posed a threat to others. The court was particularly concerned with the short length of time Mr. McClamma had been on supervised release, his aggressive and adversarial behavior throughout the process contesting his supervised release, and his negative polygraph test results. Although Mr. McClamma argues that the court did not properly consider all of the relevant evidence, the court stated that it considered the record evidence, and we find

nothing in the statute that requires the district court to give any particular weight to any of the § 3553(a) factors. Similarly, because the court was permitted to consider the characteristics of the defendant and deterrence, *see* 18 U.S.C.§§ 3553(a)(1), (a)(2)(B), we cannot say that it abused its discretion in considering Mr. McClamma's failed polygraph tests in reaching its ultimate conclusion.

For the first time on appeal, Mr. McClamma also challenges as substantively unreasonable three of the conditions of his supervised release, including the prohibition on direct contact with minors under the age of 18 without the written approval of his probation officer, the requirement that he attend sex offender treatment at his own expense and a restriction against internet use without prior authorization from the probation office. Although we hold Mr. McClamma's *pro se* pleadings to a less stringent standard and construe them liberally, we cannot review these claims. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)

First, Mr. McClamma did not raise these arguments before the district court in his motion for early termination of supervised release and thus, the district court has had no opportunity to rule on these claims in this proceeding. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (holding that arguments raised for the first time on appeal need not be considered). Although these claims might be reviewable if brought pursuant to a motion to modify the

conditions of supervised release, under 18 U.S.C. § 3583(e)(2),[1] that is not the motion filed by Mr. McClamma in this proceeding. Nor is there any indication in the record that he addressed or requested modification of these conditions of his supervised release in the district court proceedings.[2]

Second, to the extent that Mr. McClamma's claims are a direct challenge to the district court's sentencing order from 2006 that imposed these conditions of supervised release, his appeal is untimely. Under the Federal Rules of Appellate Procedure, a defendant's notice of appeal must be filed in the district court within 14 days of the entry of judgment. *See* Fed. R. App. P. 4(b). Upon a finding of excusable neglect or good cause, the district court may extend the time to file a notice of appeal for an additional period of up to 30 days. *See* Fed. R. App. P. 4(b)(4). Although the timeliness requirements of Rule 4(b) are not jurisdictional, they assure relief to a party that properly raises them. *See United States v. Lopez*, 562 F.3d 1309, 1313-14 (11th Cir. 2009). As Mr. McClamma seeks to challenge

---

[1] This statutory provision provides that a court may

> extend a term of supervised release if less than the maximum authorized term was previously imposed, and <u>may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release,</u> pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision. (Emphasis added).

[2] We note that the record indicates that Mr. McClamma has challenged the condition related to his contact with minors in a separate counseled 28 U.S.C. § 2255 proceeding.

the terms of his supervised release more than six years since his sentence was imposed in 2006, his claims are untimely.

Accordingly, we dismiss Mr. McClamma's claims challenging the conditions of his supervised release and affirm the district court's denial of his motion for early termination of his supervised release.

**AFFIRMED.**