[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14446
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00046-SDM-TBS-1


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KYLE E. MCCLAMMA,

Defendant - Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(June 3, 2015)

Before JORDAN, JULIE CARNES, and FAY, Circuit Judges.

PER CURIAM:

Kyle E. McClamma, proceeding *pro se*, appeals the district court's denial of his 2014 motion to modify the conditions of his supervised release, filed pursuant to 18 U.S.C. § 3583(e)(2).  Mr. McClamma argues that the district court abused its discretion because it did not consider the factors listed in 18 U.S.C. § 3553(a), and arbitrarily allowed him to have unsupervised contact with one of his daughters while requiring supervised contact with another.  He also argues that the supervised contact restriction is substantively unreasonable and unconstitutional.  After careful review of the record and the parties' briefs, we affirm.

## I

In January of 2006, Mr. McClamma pled guilty to possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  Prior to sentencing, the district court required him to avoid contact with children unless an adult was present.  The district court, however, excepted from this condition of Mr. McClamma's presentence release his "own newborn child."

In September of 2006, the district court sentenced Mr. McClamma to 36 months' imprisonment, followed by a lifetime term of supervised release.  One of the conditions of Mr. McClamma's supervised release was that he would "have no direct contact with minors (under the age of 18) without the written approval of the probation officer . . . ."  The district court did not include a written exception

2

regarding his daughter.  Mr. McClamma did not appeal and served his sentence in prison.  Mr. McClamma began his term of supervised release on April 29, 2009.

In 2010, Mr. McClamma sought an order from the district court to clarify that the terms of his supervised release permitted unsupervised contact with his daughter, or in the alternative, allowed his parents to serve as supervisors when he had contact with her.  Following a hearing in January of 2011, Mr. McClamma and the government agreed to modify the terms of supervised release to allow Mr. McClamma to have contact with his daughter when he was supervised by an approved third-party supervisor and according to a safety plan.  Based on the parties' agreement, the district court granted Mr. McClamma's motion in part.

In January of 2012, Mr. McClamma filed a motion under 28 U.S.C. § 2255 contesting the terms of his supervised release.  He argued that (1) the district court violated his constitutional rights as a parent by restricting his interaction with his daughter when such interaction was not reasonably related to his crime of possession of child pornography, (2) the special condition restricting his right to have unsupervised contact with his daughter violated his due process rights because it was not specifically imposed at sentencing by the district court, and (3) his due process rights were violated because the special condition restricting his right to have unsupervised contact with his daughter was in conflict with the terms of his plea agreement.  The district court has not yet ruled on this motion.

3

In December of 2012, Mr. McClamma filed a motion for early termination of his supervised release, arguing that he was rehabilitated and that his plea agreement originally provided for only three years of supervised release. Following an evidentiary hearing, the district court denied Mr. McClamma's motion, based on the factors contained in 18 U.S.C. § 3553 and the interests of justice. The district court's written order stated that Mr. McClamma's

> term of service under supervised release remains too brief, his routine and reliable compliance remains too uncertain, and his behavior remains too unaccountable and uneven to permit a disinterested observer to achieve the high level of comfort and confidence necessary to terminate supervised release, especially in the instance of a sex offender.

D.E. 72 at 3.

Mr. McClamma appealed the district court's denial of his motion, arguing in relevant part that the court failed to consider the § 3553(a) factors, gave improper weight to the probation officer's opinions and the fact that Mr. McClamma had passed only 3 of 8 polygraphs, that he had no notice that his presentence release condition permitting unsupervised visitation with his daughter would not also apply during his term of supervised release, and that the restriction prohibiting unsupervised visits with his daughter was unjustly burdensome and punitive.

In 2013, we affirmed the district court's denial of Mr. McClamma's motion for early termination of supervised release. *See United States v. McClamma*, 548 F. App'x 598 (11th Cir. 2013). We held that the district court properly considered

the § 3553(a) factors and did not abuse its discretion in reaching its ultimate conclusion. We also ruled that one of Mr. McClamma's arguments—that his supervised release condition was substantively unreasonable—failed because it was not raised before the district court and was untimely. *See id.* at 600.

In August of 2014, Mr. McClamma filed the instant motion to modify the terms of his supervised release under 18 U.S.C. § 3583(e)(2). He alleged that he divorced in 2010, remarried in 2013, and that his new wife was pregnant. He requested that the district court modify his supervised release conditions so that he could have unsupervised visitation with both of his children as well as supervised contact with other children. The probation office recommended that Mr. McClamma be allowed to have unsupervised contact with his soon-to-be-born daughter but that the current restrictions regarding his older daughter remain in place, given that Mr. McClamma's ex-wife was not comfortable with unsupervised contact and that Mr. McClamma had passed only 4 of 11 polygraph tests at the time. The government supported the probation office's recommendation.

The district court granted Mr. McClamma's motion in part, modifying the terms of supervised release to allow unsupervised contact with his soon-to-be-born daughter. The district court denied the remainder of the motion and confirmed that Mr. McClamma was permitted only supervised contact with his older daughter. Mr. McClamma moved for reconsideration, but the district court denied his

motion, "direct[ing]" his "attention . . . to an earlier order[,] . . . especially" the part where the court had ruled that a disinterested observer would not have "the high level of comfort and confidence necessary to terminate [his] supervised release." The district court ruled that Mr. "McClamma's life term of supervision is as relaxed as the circumstances at this moment permit."    Mr. McClamma now appeals.

## II

We review the denial of a motion to modify the conditions of supervised release for abuse of discretion. *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014) (reviewing modification of conditions of probation, under 18 U.S.C. § 3563, for an abuse of discretion).  Under the abuse of discretion standard, "[w]e will reverse only if we have a definite and firm conviction that the [district] court committed a clear error of judgment in the conclusion it reached." *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (internal quotation marks and citation omitted, and second alteration in original).

In relevant part, § 3583(e)(2) permits a district court to modify the conditions of a term of supervised release, after considering specified factors set forth in § 3553(a).  The relevant § 3553(a) factors include the nature and circumstances of the offense, the defendant's history and characteristics, deterrence, public protection, training and education, the applicable sentencing

6

guideline range for the offense, and the need to avoid unwarranted sentencing disparities. *See* § 3553(a)(1), (a)(2)(B)-(D), and (a)(4)-(7).

Although the district court is required to consider each of the § 3553(a) factors in determining a reasonable sentence, it is not required to state on the record that it has explicitly considered, or to discuss, each factor. *See United States v. Talley*, 431 F.3d 784, 786 (11th Cir. 2005), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). It is sufficient if the record shows that the district court considered the § 3553(a) factors through its conduct, even if the court failed to explicitly mention § 3553(a). *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007).

Here, the district court did not abuse its discretion in denying Mr. McClamma's recent motion to modify his supervised release. The record indicates that the district court properly considered the § 3553(a) factors when it decided in 2014 not to modify the terms of Mr. McClamma's supervised release.

When the district court denied Mr. McClamma early termination from his supervised release in February of 2013, it explicitly considered many of the § 3553(a) factors. Part of the reason the district court denied Mr. McClamma's early termination motion was that the supervised release term to that point was "too brief," Mr. McClamma's routine was "too uncertain," and the behavior was "too unaccountable and uneven." We affirmed this denial in December of 2013 and

held that the district court had "considered the entire record" and "expressly referenced the § 3553(a) factors" in its order. *McClamma*, 548 F. App'x at 599.

Less than one year later, Mr. McClamma filed the instant motion to modify the terms of his supervised release, again seeking unsupervised contact with his older daughter. Mr. McClamma also sought unsupervised contact with his younger daughter (who was then about to be born), as well as supervised contact with any other child. The record shows that, according to Mr. McClamma, the significantly changed circumstances were that Mr. McClamma's new wife was about to give birth, and he had passed 4 of 11 polygraphs, as opposed to 3 of 8 during the district court's previous denial. Mr. McClamma did not argue that any other circumstances had changed with regard to his older daughter, and the probation office indicated that Mr. McClamma's ex-wife opposed any modification to his supervised visitation restrictions.

On this record, we cannot say that the district court abused its discretion by continuing to enforce the condition of Mr. McClamma's supervised release requiring supervised visitation with his older daughter. The district court granted Mr. McClamma's motion in part by permitting unsupervised visitation with his younger daughter, and when it denied Mr. McClamma's motion for reconsideration, it directed his attention to its earlier but relatively recent conclusion that he needed to show more accountability and even behavior over a

longer period of time. There is no evidence that the district court summarily denied Mr. McClamma's motion without considering the relevant § 3553(a) factors. Any claim to the contrary fails.

## III

Mr. McClamma also argues that his supervised release condition requiring supervised contact with his older daughter is substantively unreasonable and unconstitutional. These claims, however, fail for the same reason they failed during his 2013 appeal from the district court's denial of his motion for early termination of his supervised release.

As was the case during the 2013 appeal, Mr. McClamma failed to raise in his current motion to modify his supervised release any arguments that his supervised release condition was either substantively unreasonable or unconstitutional. We noted in the 2013 appeal that such claims could be reviewable through a § 3583(e)(2) motion, but Mr. McClamma still had an obligation to make these arguments before the district court. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (internal quotation marks and citation omitted).

As we did before, we recognize that Mr. McClamma has a separate, counseled, and still pending 28 U.S.C. § 2255 petition from January of 2012 challenging the constitutionality and substantive unreasonableness of this special condition. But we cannot pass on these issues until the district court has had an opportunity to rule on the petition.

## IV

Accordingly, we affirm the district court's denial of the motion to modify the conditions of supervised release, and leave for another day Mr. McClamma's claims that the supervised contact condition with respect to his older daughter is substantively unreasonable or unconstitutional.

**AFFIRMED.**

10