[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10641
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00046-SDM-TBS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KYLE E. MCCLAMMA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 23, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

In 2006, Kyle McClamma was convicted of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and sentenced to 36 months' imprisonment followed by a life term of supervised release. This appeal arises from the district court's denial of Mr. McClamma's motion to modify a condition of his supervised release that requires supervised contact with his daughter. Mr. McClamma argues that the district court abused its discretion in denying his motion and that the condition itself is substantively unreasonable and unconstitutional. After careful review of the record and the parties' briefs, we affirm the district court's denial of the motion and hold that the district court lacked jurisdiction to review Mr. McClamma's legal and constitutional challenges under 18 U.S.C. § 3583(e)(2).

# I

In 2006, the district court imposed a condition of supervised release that prohibited Mr. McClamma from having direct contact with minors without the written approval of his probation officer and from entering any area where children frequently congregate. Mr. McClamma had one daughter when this condition was imposed, and the district court did not include an exception for contact with her. Mr. McClamma did not appeal his conviction or sentence, and was released from prison in April of 2009, when he began his life term of supervised release.

In 2011, the district court clarified, on Mr. McClamma's motion, the terms of supervised release so as to allow Mr. McClamma to have contact and visitation with his daughter, with the caveat that a third-party supervisor be present during their meetings.    Mr. McClamma did not appeal the district court's clarification order.

In January of 2012, Mr. McClamma filed a motion under 28 U.S.C. § 2255 to vacate the modified supervised release condition, arguing that the restriction on contact with his daughter was unconstitutional.  Almost three years later, in September of 2015, the district court denied the motion, finding the constitutional arguments to be untimely.  We denied Mr. McClamma a certificate of appealability.

Before the district court ruled on his § 2255 motion, Mr. McClamma filed a series of other motions: (1) a motion for early termination of his supervised release in December of 2012; (2) a motion to modify the terms of his supervised release in August of 2014  and (3) a second motion for early termination of his supervised release in April of 2015.  The district court denied both of his motions for early termination.

Mr. McClamma appealed the first denial, which we affirmed in an unpublished opinion. *See United States v. McClamma*, 548 F. App'x 598, 599 (11th Cir. 2013).  In his first motion for modification, Mr. McClamma asked the

3

district court to exclude his two children (his younger daughter having been born after the district court imposed the supervised release condition) from any contact restrictions and to permit contact with minors when accompanied by adults. The district court modified the condition as to his younger daughter but not as to his older daughter. Mr. McClamma appealed the order denying his motion for reconsideration, but we affirmed in an unpublished opinion. *See United States v. McClamma*, 613 F. App'x 846 (11th Cir. 2015).

In September of 2015, Mr. McClamma filed the instant motion to modify the conditions of his supervised release under § 3583(e)(2). Mr. McClamma requested that the district court remove all restrictions on his contact with his older daughter so that he could spend more time with her. Mr. McClamma said that he was going to attempt to change the time-sharing plan he had with his ex-wife in family court and needed this modification to do so.

Mr. McClamma argued that a modification was warranted because circumstances had changed since the imposition of the modified condition of supervised release. He explained that he had retained full-time employment, had remarried, had a second child, and had been attending college courses twice a week. He added that the circumstances surrounding the only approved third-party supervisors, his mother and father, had changed as well: his father had recently died and his mother had been diagnosed with breast cancer in 2011 and had

4

reentered the workforce to pay for medical expenses. Mr. McClamma also asserted that the family court's determination—that it was in the child's best interest for Mr. McClamma to maintain equitable parental rights—was relevant.

Mr. McClamma argued in the alternative that the condition itself was substantively unreasonable and violated his constitutional right to parent a child. He argued that the condition was substantively unreasonable because the restriction was not necessary to accomplish the policy goals associated with supervised release terms and that he had demonstrated good behavior since he committed his almost decade-old offense. He also maintained that his constitutional rights as a parent were not outweighed by the need for the restriction because it was not sufficiently related to his offense and there was no indication he posed a risk to children or to reoffend. Finally, Mr. McClamma argued that the restriction created a disparity between similarly-situated defendants and should be lifted under 18 U.S.C. § 3553(a)(6).

In response, the government argued that Mr. McClamma had not demonstrated any new grounds to support a reconsideration of prior rulings on similar requests to modify his supervised release conditions. The government argued that his constitutional and substantive unreasonableness arguments were another attempt to relitigate his § 2255 motion.

The district court adopted the magistrate judge's amended report and recommendation and denied Mr. McClamma's motion for modification.    The R&R concluded that Mr. McClamma's motion did not provide new factual or legal arguments to support modification, and that a review of the § 3553(a) factors confirmed that a modification was not warranted because many of the reasons Mr. McClamma presented were "matters of convenience" that did not provide a legally sufficient basis to modify the conditions of his supervised release.  The R&R also stated that Mr. McClamma's constitutional and substantive unreasonableness arguments were untimely.

## II

We review the denial of a motion to modify a condition of *probation* under 18 U.S.C. § 3563(c) for abuse of discretion.  *See United States v. Seppario*, 754 F.3d 1312, 1318 (11th Cir. 2013).  Because we find the modification of a condition of probation analogous to the modification of a condition of supervised release, *see* Fed. R. Crim. P. 32.1, we apply the same standard of review here.  This is the same standard of review used by other circuits in similar cases.  *See, e.g.*, *United States v. Parisi*, 821 F.3d 343, 347 (2d Cir. 2016); *United States v. Nonahal*, 338 F.3d 668, 670 (7th Cir. 2003).  Under the abuse of discretion standard, "[w]e will reverse only if we have a definite and firm conviction that the court committed a

6

clear error of judgment in the conclusion reached." *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (internal quotation marks omitted).

**III**

Under § 3583(e)(2), a district court may modify the conditions of a term of supervised release at any time prior to the expiration or termination of the term after considering particular factors set forth in § 3553(a). These factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) deterrence considerations; (4) public protection; (5) the need to provide the defendant with training and education; (6) the applicable sentencing guideline range for the offense; (7) the need to avoid unwarranted sentencing disparities; (8) the Sentencing Commission's pertinent policy statements; and (9) the need to provide restitution to any victims of the offense. *See* §§ 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7). New or unforeseen circumstances can justify a modification, but such circumstances are not necessary. *See, e.g.*, *Parisi*, 821 F.3d at 347 (recognizing that new or unforeseen circumstances are not the exclusive justifications for modifying supervised release conditions); *United States v. Evans*, 727 F.3d 730, 732–33 (7th Cir. 2013) (same).

Here, the district court did not abuse its discretion in denying Mr. McClamma's motion to modify his supervised release. A review of the § 3553(a)

factors was explicitly referenced in the magistrate's judge's R&R and the district court found that Mr. McClamma did not present circumstances meriting a modification to his release restrictions.

We agree with the district court that Mr. McClamma's new marriage and the birth of his second daughter are not new circumstances that affect the restrictions imposed on his visitations with his older daughter. We came to this conclusion in our June 2015 opinion affirming the denial of Mr. McClamma's first motion for modification. *See McClamma*, 613 F. App'x at 849. In that opinion we also emphasized the opposition of Mr. McClamma's ex-wife to the modification, *see id.*, and Mr. McClamma has not shown that his ex-wife has changed her position. Further, while his job and classes may make it more difficult for Mr. McClamma to schedule visits with his daughter, they are not enough to show an abuse of discretion. The unfortunate death of Mr. McClamma's father and his mother's diminished availability are also insufficient to remove a restriction that we affirmed a little over a year ago.[1]

**IV**

---

[1] Mr. McClamma also argues that his "exceptionally good" behavior warrants a modification. The government responds with evidence that Mr. McClamma has failed numerous polygraph tests and testimony from his therapist suggesting concerns about recidivism and pedophilia. Because Mr. McClamma did not present this argument below, we do not consider it here. *See Access Now, Inc. v. Sw. Airlines, Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held than an issue . . . raised for the first time [on] appeal will not be considered[.]") (internal quotation marks omitted).

As for Mr. McClamma's argument that the modified condition is unconstitutional or substantively unreasonable, we join the majority of our sister circuits and find that the district court lacked jurisdiction to review these claims.

The Second, Fifth, and Ninth Circuits have recognized that § 3583(e)(2) cannot be used as a means to challenge the legality or constitutionality of supervised release conditions. *See United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997) (holding that the plain language of § 3583(e)(2) indicates illegality is not a proper ground for modification of condition of supervised release); *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999) (ruling that the district court did not have jurisdiction to modify condition of supervised release on illegality grounds); *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002) (holding that illegality was not a proper ground to modify a supervised release term). The Seventh Circuit is the only circuit that does not bar substantive legal challenges to conditions of supervised release. *See United States v. Neal*, 810 F.3d 512, 518–520 (7th Cir. 2016) (holding that defendants should be able to raise "substantive challenges that raise real concerns about the offender's and society's prospects of benefitting from a term of supervised release").

Significantly, § 3583(e)(2) explicitly states which factors a district court must consider when reviewing a motion to modify a condition of supervised release. Absent from that list are illegality and constitutionality. Accordingly, § 3583(e)(2)

9

may not be used to challenge the legality or constitutionality of a supervised release condition.  As the Ninth Circuit explained in *Gross*:

> Congress, by enacting the Sentencing Reform Act of 1984, limited the manner in which a defendant may challenge the legality of a supervised release condition to: (1) direct appeal, (2) § 2255 habeas corpus relief, and (3) within [fourteen] days of the district court's decision, Rule 35[(a)] motion. It would frustrate Congress'[] intent if this court were to interpret § 3583(e)(2) to authorize a district court to modify or rescind an allegedly illegal condition.

307 F.3d at 1044. *Cf. United States v. Frady*, 456 U.S. 152, 164–65 (acknowledging that direct appeals and collateral attacks serve different purposes and rejecting availability of "endless postconviction collateral attacks").  Mr. McClamma did not directly appeal the initial condition in 2006 or try to appeal the modification of the condition in 2011.  He never filed a Rule 35(a) motion and his § 2255 motion was denied.  Mr. McClamma cannot now use § 3583(e)(2) as a vehicle to raise legal and constitutional arguments.

## V

We affirm the district court's denial of Mr. McClamma's motion to modify the conditions of supervised release and conclude that the district court lacked jurisdiction to consider Mr. McClamma's constitutional and substantive reasonableness arguments.

**AFFIRMED.**

10