[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11454
Non-Argument Calendar
_____

D.C. Docket No. 3:07-cr-00054-HES-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TROY SLAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 3, 2017)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Troy Slay appeals the denial of his 18 U.S.C. § 3583(e)(2) motion to modify the conditions of his supervised release.  Slay asked the court to delete the special condition that he not incur new credit charges, open new lines of credit, or make any new major purchases without the approval of his probation officer.  This condition was imposed after he pleaded guilty to one count of possession of 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B).  Slay argues on appeal that the district court erred because it failed to consider the 18 U.S.C. § 3553(a) factors in denying his motion and did not respond to the points raised in his motion.

We review a district court's denial of a motion to modify conditions of supervised release for abuse of discretion.  See United States v. Serrapio, 754 F.3d 1312, 1318 (11th Cir. 2014) (reviewing the modification of conditions of probation under 18 U.S.C. § 3563(c) for abuse of discretion); see also United States v. McClamma, 613 F. App'x 846, 848 (11th Cir. 2015) (per curiam).  This standard of review recognizes the range of possible conclusions that a district court may reach, and "we must affirm unless we find that the district court has made a clear error of judgment, or has applied the wrong legal standard."  United States v. Frazier, 387 F.3d 1244, 1259 (11th Cir. 2004) (en banc).

Under 18 U.S.C. § 3583(e)(2), a district court may, after considering the factors set forth in § 3553(a), "modify, reduce, or enlarge the conditions of

2

supervised release, at any time prior to the expiration or termination of the term of supervised release." 18 U.S.C. § 3583(e)(2). After careful review of the record, we conclude that the district court made a clear error of judgment, and therefore abused its discretion. See Frazier, 387 F.3d at 1259.

Slay's motion before the district court was unopposed. Both Slay and the government agreed they knew of no reason why this condition was included at sentencing for a drug crime. Indeed, as the Guidelines point out, this special condition is usually imposed when a defendant has special debt obligations like a restitution payment or fine being paid through an installment schedule. See USSG § 5D1.3(d)(2). In his motion, Slay explained that since his release from prison, he had secured employment as a Sales Representative with B&B Outdoor Advertisement/Daily Billboards Company. His responsibilities in this role included facilitating sales, making calls, and setting up events including sales luncheons, client briefing, client entertainment, and the like. Slay said in his motion that his special release condition "hinder[ed] his ability to perform at work" because he had to pay for many of these expenses out-of-pocket and then submit his expenses to the company for reimbursement. Attached to his motion was an email from Jessica Miner, the President of B&B Outdoor Advertisement. She confirmed to the court that Slay had received employment with the company and detailed his job responsibilities, pay structure, and benefits. She also confirmed

3

that Slay's responsibilities included paying for many client events out-of-pocket which require up to two weeks for reimbursement. She estimated these expenses varied between $50 and $500 per day depending on the event.

Nonetheless, the district court summarily denied Slay's unopposed motion saying only: "The special condition does not forbid or prohibit Defendant's use of credit; rather, his use of credit simply requires prior approval of his probation officer." This explanation is not sufficient. Although the district court was not required to "articulate the applicability of each [§ 3553(a)] factor" in reaching its determination, "if it is not possible to determine from the record whether the district court considered the § 3553(a) factors, we must vacate and remand the case to the district court." United States v. Douglas, 576 F.3d 1216, 1219 (11th Cir. 2009) (per curiam) (quotation omitted). And like Douglas, "the form order . . . does not mention the § 3553(a) factors at all." Id.

Neither did the district court respond to the points raised by Slay in his motion. The purpose of special release conditions is to facilitate the transition of offenders back into the community. See United States v. Johnson, 529 U.S. 53, 55–59, 120 S. Ct. 1114, 1117–19 (2000) (describing the aims of supervised release as "assist[ing] convicted felons in their transitions to community life" and "fulfill[ing] rehabilitative ends, distinct from those served by incarceration"); see

4

also USSG § 5D1.3(b) (describing the district court's considerations at sentencing).

As Slay points out, the special condition at issue requires that he receive approval not only before opening a new line of credit, but also each time he "incur[s] new credit charges." That means every time Slay needs to pay for a client luncheon, pay for a meeting space, or even fill up his car with gas to drive between clients, he must first receive his probation officer's approval or pay cash and wait for the reimbursement. Incurring as much as $500 each day that may not be reimbursed for two weeks is a significant burden to impose on someone simply carrying out his job duties.

Slay is doing exactly what we want convicted felons to do after they have served their time. He has a good job with benefits and a manager who is supportive of him. As Slay points out, it is quite difficult for ex-offenders to find jobs, let alone good ones. And his request to remove the special condition was not opposed by the government or the probation office when he filed it with the district court. Based on this record, the district court's summary explanation was not sufficient to deny Slay's motion. This is particularly so because granting Slay's motion would still allow his probation officer to monitor his finances. Another of Slay's special conditions requires he "provide the probation officer access to any requested financial information." Thus, his credit charges could be regularly

5

monitored without hindering his job performance.  Based on the district court's limited explanation, we conclude it abused its discretion because it failed to address the § 3553(a) factors and did not explain how the special condition served a rehabilitative purpose for Slay.  As a result, we vacate the district court's order and remand for it to rule on Slay's motion to modify the conditions of his supervised release, in a way consistent with this opinion.

**VACATED AND REMANDED.**