[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14962
Non-Argument Calendar
_____

D.C. Docket Nos. 5:12-cv-00058-SDM-PRL; 5:05-cr-00046-SDM-TBS-1


KYLE E. MCCLAMMA,

                                        Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

                                        Respondent - Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 22, 2017)

Before HULL, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

Kyle McClamma, proceeding *pro se*, appeals the district court's denial of his motion to vacate. In that motion, filed pursuant to 28 U.S.C. § 2255,

Mr. McClamma challenged a special condition of supervised release which, as relevant here, allows him to have visitation with his older daughter only when monitored by an approved third-party supervisor.[1]

We affirm.  Assuming that Mr. McClamma's motion to vacate was timely filed, and that there are no procedural defaults, we conclude that Mr. McClamma is not entitled to relief.  In 2011, "Mr. McClamma and the government agreed to modify the terms of supervised release to allow [him] to have contact with his older daughter when he was supervised by an approved third-party supervisor and according to a safety plan." *McClamma*, 613 F. App'x at 847.  Mr. McClamma, in other words, invited the very error he now seeks to correct, and that means he cannot prevail.  *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006) ("It is a cardinal rule of appellate review that a party may not challenge as error a ruling or other trial proceeding invited by that party.") (quoting *United States v. Ross*, 131 F.3d 970, 988 (11th Cir. 1997)).[2]

**AFFIRMED.**

---

[1] Mr. McClamma was convicted of possessing child pornography, and sentenced to 36 months' imprisonment, to be followed by a life-long term of supervised release.  In a prior appeal, we affirmed the substantive reasonableness of the special condition of supervised release and the district court's denial of Mr. McClamma's motion for early termination of supervised release. *See United States v. McClamma*, 548 F. App'x 598 (11th Cir. 2013).  In another appeal, we affirmed the district court's denial of Mr. McClamma's motion to modify the special condition of supervised release as to his older daughter. *See United States v. McClamma*, 613 F. App'x 846 (11th Cir. 2015).

[2] To the extent Mr. McClamma is challenging the district court's initial imposition of supervised release with special conditions in 2006, that challenge is untimely.  *See McClamma*, 548 F. App'x at 600.