[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11533
Non-Argument Calendar
_____

D.C. Docket No. 5:05-cr-00046-SDM-PRL-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KYLE E. MCCLAMMA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 16, 2020)

Before WILLIAM PRYOR, Chief Judge, and JORDAN and JILL PRYOR, Circuit Judges.

PER CURIAM:

In September of 2006, the district court sentenced Kyle McClamma to 36 months in prison and a lifetime term of supervised release for possession of child pornography. One of the conditions of supervised release was that Mr. McClamma not have direct contact with minors without the written approval of his probation officer. Following his release from prison, Mr. McClamma sought to clarify or modify this condition with respect to his daughter. The district court, with the agreement of Mr. McClamma and the government, modified the condition to allow Mr. McClamma to have contact with his daughter when supervised by an approved third party.

Since then, Mr. McClamma has challenged this condition of supervised release on various grounds. All of those challenges have failed. *See United States v. McClamma*, 548 F. App'x 598 (11th Cir. 2013); *United States v. McClamma*, 613 F. App'x 846 (11th Cir. 2015); *United States v. McClamma*, 676 F. App'x 944 (11th Cir. 2017); *McClamma v. United States*, 697 F. App'x 664 (11th Cir. 2017).

In 2019, Mr. McClamma—proceeding pro se—filed a motion under Rule 36 of the Federal Rules of Criminal Procedure to correct a clerical error. He argued that there was an error in his criminal judgment as to the no-contact-with-minors condition because the district court did not orally pronounce the condition at the sentencing hearing. The district court denied the motion, and Mr. McClamma now appeals.

Exercising de novo review, *see United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004), we affirm. Assuming that Mr. McClamma can proceed under Rule 36, *see id.*, and that he has not waived his current challenge due to his agreement to the modification of the condition, *see McClamma*, 697 F. App'x at 665, there was no clerical error to correct.

At sentencing, the district court stated that it would impose the conditions normally imposed in child pornography cases "concerning avoidance of places frequented by prepubescent minors without the written consent of the probation officer *and the like*." D.E. 38 at 42 (emphasis added). Due to this pronouncement, there was an ambiguity in the sentencing transcript rather than a conflict between the transcript and the written judgment. And where there is an ambiguity, we "look to the written judgment to ascertain the district court's intention." *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). In our view, the judgment is consistent with the intent of the district court that Mr. McClamma have no contact with minors, a condition that may be imposed in child pornography cases. That condition was reasonably related to the nature and circumstances of Mr. McClamma's child pornography conviction. *See* 18 U.S.C. § 3583(d)(1); *United States v. Widmer*, 785 F.3d 200, 206-09 (6th Cir. 2015); *United States v. Thompson,* 653 F.3d 688, 691-92 (8th Cir. 2011).

3

The district court's denial of Mr. McClamma's Rule 36 motion is affirmed.[1]

**AFFIRMED**.

---

[1] As to other issues raised by Mr. McClamma, we summarily affirm.