In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-1338

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TYREE NEAL,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of Illinois.
No. 4:00-cr-40101-JPG-6—**J. Phil Gilbert,** *Judge.*

ARGUED SEPTEMBER 28, 2011—DECIDED NOVEMBER 28, 2011

Before BAUER, WOOD and TINDER, *Circuit Judges.*

BAUER, *Circuit Judge.* On June 11, 2001, Tyree Neal was sentenced to 137 months' imprisonment, fined $1,250, and placed on supervised release for 3 years for conspiracy to possess crack cocaine with the intent to distribute. His sentence included certain conditions of supervised release: "The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests there-

after, as directed by the probation officer." Another related provision stated, "Defendant shall participate as directed and approved by the probation officer for treatment of narcotic addition [sic], drug dependence, or alcohol dependence, which includes urinalysis or other drug detection measures and which may require residence and/or participation in a residential treatment facility."

After serving his sentence, Neal was placed on supervised release on December 7, 2010. On January 4, 2011, the United States Probation Office ("USPO") filed a petition with the district court, requesting that the conditions of Neal's supervision be modified to add a condition for mental health treatment. The petition did not mention any modification of Neal's drug testing condition. As a basis for the USPO's modification request, the USPO cited an incident involving Neal and his daughter, who filed a police report with the Marion, Illinois Police Department. According to that police report, Neal punched his daughter in the eye after an argument ensued over cleaning up a Cheerios mess on the floor. A probation officer interviewed Neal regarding the incident. According to Neal, he was acting in self-defense as a result of his daughter biting his finger while he was pointing it in her face.

On February 11, 2011, the district court held a hearing on the petition to modify Neal's supervised release. After the hearing, the district court modified the condition of Neal's supervised release to require him to participate in a program of mental health treatment. Neal does not object to this modification.

The district court also modified Neal's drug testing condition to read: "The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 52 tests in one year." This modification is the subject of Neal's appeal.

At the modification hearing, the Assistant U.S. Attorney indicated on the record the reason for modifying Neal's drug test condition:

| | |
|---|---|
| AUSA: | And Your Honor, just for the record in case they appeal, there is evidence in the presentence report indicating that the defendant has a drug abuse issue. |
| THE COURT: | Oh, absolutely. Yeah, I would assume the Court of Appeals would— |
| AUSA: | I'm sure they'll have the PSR. |
| THE COURT: | —have the PSR, that he's smoked marijuana on a daily basis prior to quitting six years ago and he tried powder cocaine— |
| AUSA: | Yes, Your Honor. |
| THE COURT: | —and used substances in '99 and again in July of 2000 before he was arrested. Then used an eight-ball per week, indicated that he'd last used cocaine a week or two prior to his detention in this case. So I mean, there's definitely history of drugs. |

On February 11, 2011, Neal filed a notice of appeal.

### I. DISCUSSION

On appeal, Neal argues that the district court lacked subject matter jurisdiction to modify the conditions of his supervised release to include additional drug testing. Neal argues that the original drug testing condition was illegal because it gave too much discretion to the probation officer—rather than the court—to determine the number of Neal's drug tests. Neal next contends that, because the drug testing condition modification had no support in anything that occurred during Neal's supervised release, this Court should infer that the real basis for the drug modification was to correct the original illegal condition. Correcting an illegal condition in a supervised release, Neal argues, is not a factor the district court was allowed to consider under 18 U.S.C. § 3583(e). Thus, according to Neal, the district court abused its discretion and had no jurisdiction to order the drug testing condition modification. We disagree.

A district court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18 U.S.C. § 3583(e)(2). Section 3583(e) instructs, therefore, "that just as a district court has wide discretion when imposing the terms of supervised release . . . so too must it have wide discretion in modifying the terms of that supervised release." *United States v. Sines*, 303 F.3d 793, 800 (7th Cir. 2002) (citation omitted).

We review a district court's imposition of a special condition of supervised release for an abuse of discretion. *United States v. Monteiro*, 270 F.3d 465, 469 (7th Cir. 2001).

Neal objects to the district court's modification of his drug testing condition on the grounds that the district court did not have jurisdiction under § 3583 to fix an original illegal condition in a modification hearing. Neal argues that the record does not disclose the reason for the modification, and consequently we should infer that, because the modification to Neal's drug testing condition fixed the claimed improper delegation problem, that must have been the reason for the modification. That inference is not supported by the record.

In determining whether to modify the terms of a supervised release, the district court must consider most of the same factors it considered in imposing the term of supervised release. 18 U.S.C. § 3583(e). Specifically, the district court must ensure that the particular condition:

> (1) is reasonably related to specified sentencing factors, namely the nature and circumstances of the offense and the history and characteristics of the defendant;

> (2) is reasonably related to the need to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

> (3) involves no greater deprivation of liberty than is reasonably necessary to achieve these goals; and

> (4) is consistent with any pertinent policy statements issued by the Sentencing Commission.

*Monteiro*, 270 F.3d at 468-69 (citing *United States v. Schave*, 186 F.3d 839, 841 (7th Cir. 1999); 18 U.S.C. §§ 3583(d), 3553(a)(1), (a)(2)(B)(D); U.S. Sentencing Guidelines Manual § 5D1.3(b)).

In this case, the district court determined that additional drug testing was reasonably necessary to protect the public from further criminal activity and deter Neal from further criminal conduct. The district judge properly considered Neal's history and character, noting that he smoked marijuana on a daily basis in the past, had used illegal substances in 1999 and 2000 before he was arrested, and had used cocaine prior to his incarceration. Although the court did not articulate each of the factors it was considering when it changed the conditions of Neal's supervised release, the court was within its discretion to modify his supervision to include additional drug testing.

Neal argues that the original drug testing condition was illegal because it gave too much discretion to the probation officer to determine the scope of Neal's drug testing. *See United States v. Bonanno*, 146 F.3d 502, 511 (7th Cir. 1998) ("18 U.S.C. § 3583(d) requires that the court determine the number of drug tests to which the defendants must submit."). But whether the original drug testing condition was illegal and whether the modification corrected that illegality is not relevant in determining whether or not the district court properly considered the factors under § 3583(e).

Neal also argues that the only reason for the modification was to undo the illegality of the original drug testing condition because that is *all* that the modification does. But that is not accurate; the fact is the modification increased the number of his drug tests. Under the original drug testing condition, Neal was only subject to 3 drug tests; the modification subjects Neal to drugs tests "not to exceed 52 times in one year." The record clearly establishes that the district court properly considered the factors under § 3583(e) and neither lacked jurisdiction nor abused its discretion when it modified Neal's supervised release.

## II.  CONCLUSION

For the reasons stated above, we AFFIRM the district court's order modifying Neal's supervised release.