HAMILTON, Circuit Judge,
concurring in part and dissenting in part.
I agree with my colleagues: (a) that the district court had jurisdiction to decide whether to modify Taylor’s conditions of probation, at least under 18 U.S.C. § 3563(c) and United States v. Ramer, 787 F.3d 837 (7th Cir.2015); (b) that the condition of probation for inspection of internet-capable devices is appropriate; and (c) that the condition on contact with minors needs correction. I respectfully dissent, however, from Part II-B-1 of the majority opinion vacating the condition restricting Taylor’s access to otherwise legal adult pornography.
When first setting conditions of probation for an offender, a district court exer *799 cises its sentencing discretion. When the district court here first imposed conditions of probation on Taylor, he did not even bother to appeal them. See United States v. Taylor, 777 F.3d 434 (7th Cir.2015) (dealing with other issues). Taylor later moved under § 3563(c) to modify several conditions. He did not show any change in circumstances, but he raised new legal arguments based on intervening decisions by our court, and in particular on the scope of the prohibition on access to adult pornography. The district judge took Taylor’s arguments seriously and modified the conditions, including the adult pornography condition, in light of our intervening decisions.
Taylor argues now, and my colleagues agree, that the adult pornography prohibition must be removed entirely. As all acknowledge, our review of the district court’s actions is only for abuse of discretion, e.g., United States v. Serrapio, 754 F.3d 1312, 1318 (11th Cir.2014); United States v. Wyss, 744 F.3d 1214, 1218 n. 2 (10th Cir.2014), the same standard we apply more often to decisions on whether to modify conditions of supervised release. E.g., United States v. Neal, 662 F.3d 936, 938 (7th Cir.2011); United States v. Evans, 727 F.3d 730, 732 (7th Cir.2013).
I see no abuse of discretion here. First, I am not persuaded that Taylor had a right to have the district court start over from scratch on whether the condition should be imposed at all. When it was imposed in 2012, there was no objection or appeal. While the district court had the power to revisit the question, I do not see a duty to do so, except to the extent the terms of the condition were sharpened to comply with our intervening case law.
As for whether the adult pornography condition should have been imposed in the first place, there is empirical evidence weighing both for and against imposing such a condition on an offender like Taylor. See United States v. Siegel, 753 F.3d 705, 709 (7th Cir.2014). The district court recognized this uncertainty and discussed Siegel. In the end, the court decided to stick with its original, unappealed decision to impose the condition, but to tailor it more narrowly in light of our decision in United States v. Adkins, 743 F.3d 176 (7th Cir.2014).
Surely the district court’s discretion is especially broad when addressing an offender’s motion to remove entirely an existing condition of probation he had not previously challenged. Neither Adkins nor this offender’s motion required the district judge to revisit on the offender’s demand the question whether to impose any restriction at all on his access to adult pornography. I would affirm the decision to deny the removal of the modified condition as well within the court’s discretion.