In the

# United States Court of Appeals
## For the Seventh Circuit

No. 14-3473

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TYREE M. NEAL, SR.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 4:00-cr-40101-06 — **J. Phil Gilbert**, *Judge.*

ARGUED JULY 8, 2015 — DECIDED JANUARY 21, 2016

Before POSNER, SYKES, and HAMILTON, *Circuit Judges*.

HAMILTON, *Circuit Judge*. Appellant Tyree Neal was sentenced to prison and supervised release after pleading guilty to federal drug crimes in 2001. He was released from prison in 2010 but was sent back in 2013 for another eighteen months after violating several conditions of his supervised release. When Neal completed the new term of imprisonment in 2014, he asked the district court to rescind a spe-

cial condition of supervised release authorizing warrantless searches of his person and residence. That condition, Neal argued, is inappropriate for drug offenders. The district court denied the motion to rescind the condition, prompting this appeal regarding the search condition. But on appeal Neal also challenges for the first time the legality of all of the standard conditions of supervised release that were imposed initially in 2001 and again in 2013.

A threshold question is whether a district court is authorized to revisit an arguably unlawful condition of supervised release if that condition could have been challenged on direct appeal but was not. We conclude that 18 U.S.C. § 3583(e)(2) permits a defendant to request relief from a condition of supervised release on substantive grounds, such as that the condition is substantively unlawful or that it no longer serves the purposes of supervised release. Section 3583(e)(2) does not authorize such late challenges based on asserted procedural errors from the time of the original sentencing, such as a claim that the court failed to provide a sufficient explanation for the condition or that there was not sufficient evidence to support the then-unchallenged condition. On the merits, however, we uphold the search condition. We also decline to address Neal's appellate challenge to the standard conditions of supervised release. He waived that claim by not raising it in the district court.

I.   *Factual and Procedural History*

Neal pled guilty to a conspiracy charge and to substantive counts involving powder and crack cocaine. In June 2001 the district court sentenced him to a total of 137 months in prison to be followed by three years of super-

vised release. He did not appeal the sentence. Neal was released from prison in December 2010.

A month later, in January 2011, Neal's probation officer petitioned the district court to add a special condition of supervised release requiring Neal to submit to mental-health treatment. After a hearing the district court imposed that condition and modified another condition prohibiting Neal from possessing controlled substances unlawfully and also requiring periodic drug testing. Neal appealed the drug-testing condition. We affirmed based on Neal's history of drug abuse. *United States v. Neal*, 662 F.3d 936 (7th Cir. 2011).

In December 2012 the probation officer again asked the district court to modify Neal's conditions of supervised release. The probation officer proposed a curfew, requiring Neal to be at home from 9:00 p.m. to 5:00 a.m. for six months. The probation officer also sought a special condition requiring Neal to submit to warrantless searches of his "person, residence, real property, place of business, computer or electronic communication or data storage device or media, vehicle, or any other property" if there was a reasonable suspicion of finding contraband or evidence of a violation of a supervised-release condition. Before the district court had acted on that request, however, the probation officer petitioned for revocation of Neal's supervised release based on numerous violations, including lying to the probation officer and possessing cocaine and marijuana.

During a revocation hearing in March 2013, Neal admitted the violations. The district court revoked his supervised release and imposed eighteen more months of prison, plus a new three-year term of supervised release to follow. The court orally imposed eight special conditions,

including the search condition that the probation officer had requested. The court's written judgment also listed thirteen "standard conditions of supervised release" that were not mentioned during the hearing. These same standard conditions, with only minor differences, had been imposed at Neal's sentencing in 2001.

Neal filed a notice of appeal, but his lawyer sought leave to withdraw on the ground that an appeal would be frivolous. See *Anders v. California*, 386 U.S. 738 (1967). No concern was raised about any condition of supervised release in counsel's submission or in Neal's response in opposition filed under Circuit Rule 51(b). In February 2014, we granted counsel's motion to withdraw and dismissed Neal's appeal. *United States v. Neal*, 556 F. App'x 495 (7th Cir. 2014).

Neal was released from prison again in June 2014 and began his second term of supervised release. Two weeks later he filed a pro se motion to modify conditions of supervised release and asked that counsel be appointed. That motion did not identify any statute or rule authorizing relief. It sought to have the special conditions of supervised release set aside as "inappropriate" but did not single out any particular condition. The district court appointed counsel, who did not file an amended motion.

At a hearing on Neal's motion, his lawyer explained that Neal was contesting only four of the eight special conditions of supervised release. After the hearing, Neal dropped his challenges to all but the condition requiring him to submit to warrantless searches of his person and property based on a reasonable suspicion of contraband or violations of supervised release. We limit our discussion to that condition.

Neal's probation officer testified that the search condition was necessary because Neal had failed three drug tests and had a history of deceiving probation officers and using drugs while on supervised release. Neal argued that a condition authorizing warrantless searches can be imposed only on persons convicted of sex offenses against minors, not those convicted of drug offenses. Neal also argued, citing *United States v. Siegel*, 753 F.3d 705 (7th Cir. 2014), that the district judge had erred in the 2013 revocation hearing by imposing the search condition without making a specific finding of necessity.

The district court concluded that the search condition was necessary because Neal had previously used drugs while on supervised release and yet was balking at even drug treatment. The court noted that the search condition is "not a wide-open, 'I can come to your house at any time day or night'" provision. Instead, the court explained, any search must be conducted at a reasonable time and in a reasonable manner based on reasonable suspicion of finding contraband or some other evidence of a violation. Neal filed a notice of appeal and was assigned new counsel.

II. *Analysis*

On appeal Neal continues to insist that a special condition authorizing warrantless searches is appropriate only for those convicted of sex offenses against minors, not drug crimes. Neal also argues, citing *United States v. Thompson*, 777 F.3d 368 (7th Cir. 2015), that a "full remand is required" because, when his present term of supervised release was imposed in 2013, the district court did not justify re-imposing the thirteen standard conditions. Before we can turn to these questions, we must consider under what circumstances a

defendant may use a post-judgment motion to contest a condition of supervised release that could have been challenged on direct appeal but was not.

A. *Availability of Motion Under 18 U.S.C. § 3583(e)(2)*

Conditions of supervised release are part of a defendant's sentence, *Thompson*, 777 F.3d at 373, and the avenues available to alter a sentence are limited. Apart from a direct appeal, a defendant's options might include a prompt motion to correct a clear error, Fed. R. Crim. P. 35(a) (fourteen day limit); a motion for a sentence reduction to reward substantial assistance, Fed. R. Crim. P. 35(b); a petition for a sentence reduction under a retroactive amendment to the Sentencing Guidelines, 18 U.S.C. § 3582(c)(2); or an application to vacate an illegal conviction or sentence, 28 U.S.C. § 2255. See *Suggs v. United States*, 705 F.3d 279, 281 (7th Cir. 2013); *United States v. Redd*, 630 F.3d 649, 650–51 (7th Cir. 2011); *Romandine v. United States*, 206 F.3d 731, 734–35 (7th Cir. 2000); *United States v. Vilar*, 645 F.3d 543, 546 (2d Cir. 2011); *United States v. Blackwell*, 81 F.3d 945, 947–48 (10th Cir. 1996).

In addition, as a general proposition, a district court may modify conditions of supervised release at any time under 18 U.S.C. § 3583(e)(2). See *United States v. Ramer*, 787 F.3d 837, 838–39 (7th Cir. 2015); *United States v. Evans*, 727 F.3d 730, 732 (7th Cir. 2013). At oral argument Neal identified § 3583(e)(2) as the authority for his "Motion to Modify Conditions of Supervised Release." We agree that his use of § 3583(e)(2) was proper, but the path to that conclusion is not as simple as the "at any time" text might suggest.

Section 3583(e)(2) provides:

> Modification of conditions or revocation. —
> The court may, after considering the factors set
> forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C),
> (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) —
>
> (2) extend a term of supervised release if less
> than the maximum authorized term was previ-
> ously imposed, and may modify, reduce, or en-
> large the conditions of supervised release, at
> any time prior to the expiration or termination
> of the term of supervised release, pursuant to
> the provisions of the Federal Rules of Criminal
> Procedure relating to the modification of pro-
> bation and the provisions applicable to the ini-
> tial setting of the terms and conditions of post-
> release supervision … .

The references in § 3583(e) to portions of § 3553(a) incor-
porate, for purposes of decisions to modify conditions of su-
pervised release, nearly all of the original sentencing goals,
excepting only the need for a sentence to reflect the serious-
ness of the offense, to promote respect for the law, and to
provide just punishment, and the directive to consider the
"kinds of sentences available."

There may be many reasons for a district court to modify
or clarify a defendant's conditions of supervised release,
even long after the term of supervision was imposed.
See *Evans*, 727 F.3d at 732–33 (modification permitted with-
out violation or even changed circumstances; modification is
permitted to respond to changes in the supervisee's circum-
stances and new ideas and methods of rehabilitation); *United
States v. Lilly*, 206 F.3d 756, 759, 761–62 (7th Cir. 2000); Fed.
R. Crim. P. 32.1, Advisory Committee notes (1979).

Other circuits, too, recognize that § 3583(e)(2) can be used to alter conditions of supervised release to promote effective supervision. This is true even if the change is prompted not by changed circumstances but by a court's or a probation officer's recognition of a shortcoming in the original conditions that arguably could have been foreseen when the term of supervised release was first imposed. See *United States v. Bainbridge*, 746 F.3d 943, 946–50 (9th Cir. 2014); *United States v. Lonjose*, 663 F.3d 1292, 1296, 1302–03 (10th Cir. 2011); *United States v. Begay*, 631 F.3d 1168, 1170–73 (10th Cir. 2011); *United States v. Davies*, 380 F.3d 329, 332 (8th Cir. 2004); *United States v. Lowenstein*, 108 F.3d 80, 84–85 (6th Cir. 1997).

We have not yet decided whether the scenarios allowing for modification include a defendant's delayed contention that a condition of supervised release was imposed erroneously in the first place. However, we recently adopted a fairly broad approach to the "at any time" language in § 3583(e)(2), holding that it allows a defendant to challenge the lawfulness of a condition of supervised release even while an appeal is pending. See *Ramer*, 787 F.3d at 838 (district court could act on parties' joint motion under § 3583(e)(2) to correct unlawful condition relating to collecting restitution).

We are aware of three circuits with precedential opinions addressing the scope of § 3583(e)(2) in language that is not consistent with our approach, though we do not necessarily disagree with the results in those cases. In *United States v. Lussier*, 104 F.3d 32, 34 (2d Cir. 1997), the Second Circuit held that a defendant whose conviction and sentence were already final could not use § 3583(e)(2) to challenge anew the legality of the restitution term of his original sentence. The

defendant in *Lussier* had not challenged the restitution term on direct appeal or even under 28 U.S.C. § 2255. Because one term of his supervised release was to make restitution payments, however, he argued that he could use § 3583(e)(2) years later to bring, in effect, a collateral challenge to that restitution order. The Second Circuit rejected that effort. We agree with the core reasoning of *Lussier* that § 3583(e)(2) should not be used in that manner, which would evade the detailed statutory scheme for orderly and timely appellate review of sentences, including restitution orders.

The *Lussier* opinion also used broader language, however, seeming to extend its reasoning to any argument that any condition of supervised release is illegal in any respect: "The plain language of subsection 3583(e)(2) indicates that the illegality of a condition of supervised release is not a proper ground for modification under this provision." 104 F.3d at 34. The *Lussier* court reasoned that illegality is a basis for a challenge to a sentence on direct appeal under 18 U.S.C. § 3742(a) or in a motion under 28 U.S.C. § 2255, while § 3583(e)(2) directs a district court to consider the goals of sentencing under § 3553(a) but makes no reference to illegality.

The Fifth and Ninth Circuits have followed this broader language and reasoning in *Lussier*. In *United States v. Hatten*, 167 F.3d 884, 886 (5th Cir. 1999), a defendant tried to use § 3583(e)(2) to challenge a condition of supervised release that had delegated to the probation officer decisions about his restitution payment schedule. The government agreed to correct the error. The district court did so, adopting as the court's order the same schedule the probation officer had chosen. On the defendant's appeal, the Fifth Circuit held that

the district court lacked jurisdiction to make the correction, following the broad language in *Lussier* about any challenges to legality of supervised release conditions.

In *United States v. Gross*, 307 F.3d 1043, 1044 (9th Cir. 2002), the Ninth Circuit also followed the broad language of *Lussier* and *Hatten*. The defendant in *Gross* was still appealing his original sentence for bankruptcy fraud when he tried to use § 3583(e)(2) in the district court to modify conditions of his supervised release that limited his business and property dealings. The Ninth Circuit held that modification could not be based on a finding that a condition was illegal, but it remanded the matter for the district court to consider whether the statutory factors or changed circumstances would call for modification of the conditions. But see *United States v. Miller*, 205 F.3d 1098, 1101 & n.1 (9th Cir. 2000) (reading both *Lussier* and *Hatten* narrowly, limited to challenges based on legality of original sentence).

Also consistent with these decisions, the Second Circuit in *United States v. Myers*, 426 F.3d 117, 123 (2d Cir. 2005), considered on direct appeal the defendant's constitutional challenge to a condition of supervised release. The court rejected the government's argument that the issue should be deferred on the theory that the sentencing court could revisit the challenged condition of supervised release at any time under § 3583(e)(2). The constitutional issue (restrictions on the defendant's contact with his own son) had been raised in a timely and proper way on direct appeal. The Second Circuit found no reason to defer a decision on that issue until the defendant completed his prison sentence and began his term of supervised release.

The parties have not addressed these decisions, nor have we found a precedential appellate opinion disagreeing with the broader language in them. We have no disagreement with the results in *Lussier* or *Myers*. In each case the court of appeals reached a result aimed at ensuring orderly processing of appeals. In *Lussier*, the defendant tried to use § 3583(e)(2) to bring a late and collateral challenge to the restitution component of the original sentence itself. In *Myers* the defendant had brought a timely challenge to supervised release on his direct appeal, and the Second Circuit understandably saw no need to defer a decision. (We are less confident about the results in *Hadden* and *Gross*, but they are also factually distinguishable from our case.)

We are not persuaded, however, by the broader language interpreting § 3583(e)(2) as implicitly barring challenges to the legality of current conditions of supervised release. When confronted with a serious challenge to the legality of a currently binding condition—one that could be enforced by sending the defendant back to prison—we believe a court would need much more explicit statutory direction than we find in the text of § 3583(e) to refuse to consider the issue. The alternative view would require a person under supervision who sought to challenge an ambiguous or arguably illegal restraint on his liberty to violate the condition and to risk a return to prison. Consistent with this concern, the advisory committee notes to Rule 32.1 explain that a person on probation (and now supervised release) should be able to obtain clarification or modification of an ambiguous condition without first having to violate it. Fed. R. Crim. P. 32.1, Advisory Committee notes (1979).

We conclude that § 3583(e)(2) is better interpreted to allow a defendant to bring substantive challenges to the current legality of conditions of supervised release. This view is, we believe, more consistent with the aims of supervised release and with the language and evident purpose of § 3583(e)(2), which, again, allows modification "at any time."

This approach is consistent with and follows from our earlier decisions in closely related circumstances. In *United States v. Silvious*, 512 F.3d 364, 370–71 (7th Cir. 2008), the defendant argued on direct appeal that some conditions of supervised release were overbroad. Because he had not raised the issues in the district court, we reviewed only for plain error. We held there was no plain error precisely because the challenged conditions would be "readily modifiable at the defendant's request" under § 3583(e)(2) and Federal Rule of Criminal Procedure 32.1. We explained: "Encouraging this simple expedient to remedy erroneously imposed conditions, rather than perpetuating expensive and time-consuming appeals and resentencings, *promotes* the integrity and public reputation of criminal proceedings." 512 F.3d at 371.

Similarly, in *United States v. Tejeda*, 476 F.3d 471, 475–76 (7th Cir. 2007), we held in direct appeals that a district court's erroneous delegations of authority to a probation officer to determine the details of drug treatment and testing programs on supervised release did not amount to a plain error requiring immediate correction because § 3583(e)(2) provided a means for correcting the error once the defendants actually began their supervised release. And in *United States v. McKissic*, 428 F.3d 719, 726 (7th Cir. 2005), we held in a direct appeal that an overly broad condition of supervised

release was not a plain error requiring immediate correction because the defendant could obtain correction later, when his term of supervised release began, under § 3583(e)(2).

The point of supervised release is to rehabilitate persons discharged from prison and to assist their law-abiding return to society. See *United States v. Johnson*, 529 U.S. 53, 59 (2000); *United States v. Kappes*, 782 F.3d 828, 836–37 (7th Cir. 2015); *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015); *United States v. Sullivan*, 504 F.3d 969, 972 (9th Cir. 2007); *United States v. Armendariz*, 451 F.3d 352, 361 (5th Cir. 2006). Conditions of supervised release should facilitate an offender's transition back to ordinary life rather than stand as "'a significant barrier into a full reentry into society.'" *United States v. Goodwin*, 717 F.3d 511, 522 (7th Cir. 2013), quoting *United States v. Perazza-Mercado*, 553 F.3d 65, 71 (1st Cir. 2009). Protection of the public from further crimes by the defendant is also an important goal of supervised release. See 18 U.S.C. § 3583(e), referring to § 3553(a)(2)(C).

To these ends, the law gives district courts flexibility and discretion to formulate a beneficial plan of supervised release. But "a judgeship does not come equipped with a crystal ball," so predictions about appropriate conditions of supervised release are imperfect. *Kappes*, 782 F.3d at 838.

Section 3583(e)(2) accommodates these uncertainties by allowing changes to an offender's conditions of supervised release at any time. *Evans*, 727 F.3d at 732–33; *Davies*, 380 F.3d at 332. It gives the parties and district judges a mechanism to ensure that the conditions they impose remain relevant and beneficial. Conditions may need to be altered to fit changes in society (a good example in recent years has been the practical necessity for some access to the internet, which

had earlier been considered a luxury) or to account for "'new ideas and methods of rehabilitation.'" *Davies*, 380 F.3d at 332, quoting Fed. R. Crim. P. 32.1, Advisory Committee note on Rule 32.1(b) (1979); see *Evans*, 727 F.3d at 732–33; *Begay*, 631 F.3d at 1171 n.2.

Modification might also be warranted to address issues arising with real-world applications of particular conditions. *Lilly*, 206 F.3d at 762 (explaining that § 3583(e)(2) authorizes defendant to seek "clarification of a term or condition of supervised release so that the defendant may have an opportunity to comply with the court's order without first having to violate it"); see also *United States v. Mickelsen*, 433 F.3d 1050, 1057 (8th Cir. 2006) (affirming supervised release condition requiring probation officer's permission for contact with any children under 18 years old; defendant could use § 3583(e)(2) to seek relief from arbitrary denial of permission to have contact with his grandchildren).

We do not see a reason to treat a condition of supervised release that arguably is facially invalid or even unconstitutional differently from conditions that are ambiguous or outdated. A term of supervised release should "simulate life after the program's end." *Perazza-Mercado*, 553 F.3d at 71. That goal would be defeated by subjecting offenders to conditions of release that are unconstitutional or otherwise facially invalid. An offender saddled with fatally vague or overbroad conditions may be more likely to fail. The very nature of some invalid conditions makes compliance difficult or uncertain, and a misstep risks an unjustified return to prison.

It might be argued that it is not necessary to read "at any time" in § 3583(e)(2) literally since a defendant already has

available a direct appeal and sometimes § 2255 to contest the legality of conditions of supervised release. And we certainly do not mean to suggest that § 3583(e)(2) can be used for a collateral challenge to terms of the underlying sentence, which the Second Circuit rejected in *Lussier*. But the detailed conditions of a distant term of supervised release are typically far from the mind of a defendant at sentencing. See *Thompson*, 777 F.3d at 373; *United States v. Bryant*, 754 F.3d 443, 447 (7th Cir. 2014); *Siegel*, 753 F.3d at 711. Most fundamental, it is difficult for the judge, the probation office, counsel, and the defendant to predict reliably which conditions will best fit the defendant's situation years hence. The "at any time" term of § 3583(e)(2) provides all actors with a means to tailor the conditions to the defendant's situation.

The appropriate balance should bar a defendant from using § 3583(e)(2) to argue that a facially valid condition of supervised release must be rescinded simply because of a misstep in the manner it was imposed long ago. Examples would include arguments that the condition was not adequately explained or linked to the offense of conviction, or that evidence or other information presented at the original sentencing did not provide sufficient support. To stay consistent with the statutory scheme for appeal of sentences, and to avoid appeals of waived or forfeited issues, where it is likely to be difficult for the government or the probation office to prepare a fair "do-over" of the original sentencing, those sorts of procedural shortcomings must be raised at the first opportunity or not at all. That should leave for § 3583(e)(2) only substantive challenges that raise real concerns about the offender's and society's prospects of benefitting from a term of supervised release. Under this interpretation of § 3583(e)(2), Neal's motion calling into

question the substantive legality of several of the special conditions then governing his term of supervised release was within the scope of the statute.

B. *Special Condition Authorizing Warrantless Searches*

We turn to the merits of Neal's challenge to the search condition, and we can be brief. Neal cites no authority from Title 18 of the United States Code, from the Sentencing Guidelines, or from any court suggesting that a special condition of supervised release permitting warrantless searches can be applied only to sex offenders, not to drug offenders. In fact, while the Sentencing Commission recommends that persons convicted of sex offenses against minors *always* be subject to a special condition permitting warrantless searches, U.S.S.G. § 5D1.3(d)(7), the Commission has also said that the same condition "may otherwise be appropriate in particular cases." § 5D1.3(d).

Special conditions authorizing warrantless searches are imposed frequently in prosecutions for other crimes, including drug crimes, most often without objection. See, e.g., *United States v. Monteiro*, 270 F.3d 465, 469–70 (7th Cir. 2001) (access-device fraud); *United States v. Betts*, 511 F.3d 872, 876 (9th Cir. 2007) (conspiracy to defraud United States); *United States v. Kingsley*, 241 F.3d 828, 837 (6th Cir. 2001) (possession of firearm by a felon); *United States v. Germosen*, 139 F.3d 120, 131–32 (2d Cir. 1998) (conspiracy to commit wire fraud); *United States v. Sharp*, 931 F.2d 1310, 1311 (8th Cir. 1991) (drug conspiracy). There is no legal obstacle to the search condition in this case.

As noted, a defendant cannot use § 3583(e)(2) to argue years after the sentence was imposed that a condition of su-

pervised release was imposed without adequate supporting evidence or explanation, or through some other procedural error. To the extent Neal has raised any substantive challenge not already addressed, the search condition is reasonable. Neal objected to participating in drug treatment, yet he had used drugs while on supervised release in violation of a condition prohibiting unlawful possession and use of controlled substances. The district court sought to discourage further drug use. Given Neal's background, the search condition is reasonably related to that goal.

C. *Thirteen Standard Conditions of Supervised Release*

All that remains is Neal's disagreement with the standard conditions of his supervised release, many of which we have criticized in *Thompson* and later decisions. We conclude that Neal waived any claim about the standard conditions by saying nothing about them in the district court. True, his pro se submission was open-ended, but as the government notes, his appointed lawyer explicitly narrowed the dispute to the search condition and other special conditions that no longer are contested. By doing so, Neal intentionally relinquished any claim about the standard conditions of supervised release. See *United States v. Olano*, 507 U.S. 725, 733–34 (1993); *United States v. Jacques*, 345 F.3d 960, 962 (7th Cir. 2003); *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). When the defense has identified specific conditions for the court to evaluate, we do not expect a district court to hunt for other problematic conditions of supervised release. See *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

Accordingly, we AFFIRM the denial of Neal's motion to modify conditions of his supervised release.