NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 20, 2018
Decided September 21, 2018

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 17-3166

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District |
| *Plaintiff-Appellee*, | Court for the Eastern District of |
| | Wisconsin. |
| *v.* | |
| | No. 13-CR-16-JPS |
| JASON B. GUIDRY, | |
| *Defendant-Appellant*. | J.P. Stadtmueller, |
| | *Judge*. |

**O R D E R**

On a limited remand, the district judge vacated five conditions of Jason Guidry's supervised release. Guidry appeals the district court's judgment, but his appointed lawyer asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Guidry has responded to counsel's motion to withdraw. *See* CIR. R. 51(b). Because the analysis in counsel's brief appears to be thorough, we limit our review to the subjects that counsel has discussed, plus any additional issues that the defendant, disagreeing with counsel, believes have merit. *See United States v. Bey*, 748 F.3d 774 (7th Cir. 2014).

Guidry pleaded guilty to one count of possession with intent to distribute heroin, crack, and cocaine, 21 U.S.C. § 841(a)(1), and three counts of interstate travel for purposes of prostitution, 18 U.S.C. § 2421. The judge sentenced him to 299 months' imprisonment, a term that included three concurrent 120-month sentences for the interstate-travel counts and one consecutive 179-month sentence for the drug offense, as well as three years' supervised release. Guidry raised multiple issues on appeal, including that five conditions of his supervised release were vague, overbroad, and conflicting. *See United States v. Thompson*, 777 F.3d 368 (2015). We affirmed Guidry's convictions and prison sentence but vacated the five conditions and remanded this matter solely for reconsideration of the supervised-release conditions. *See United States v. Guidry*, 817 F.3d 997 (7th Cir. 2016), *cert. denied*, 137 S. Ct. 156 (2016).

On remand, the parties suggested modifying some of the vacated conditions of supervised release and eliminating others. The judge, however, chose to eliminate them all; the unchallenged conditions remained. He elaborated that the imposition of additional conditions would be "left for further consideration" until Guidry's release from prison in 16 years. The judge also refused to consider Guidry's motions to withdraw his guilty plea and to dismiss one of the § 2421 counts of his indictment, explaining that these issues were not before the court on limited remand and noting that Guidry's case was currently pending in the Supreme Court of the United States.

In his Rule 51(b) response, Guidry complains that the district judge failed to rule on his pro se motions to withdraw his guilty plea and dismiss a count of his indictment, but this potential argument would be frivolous. He faults the judge for stating that these motions were "simply not before this Court" because "[h]is case [was] currently pending in the U.S. Supreme Court." True, the judge incorrectly stated that Guidry's case was still pending before the Supreme Court, when in fact it had recently denied certiorari. But that error "could not have affected the outcome of the case." *United States v. Lewis*, 842 F.3d 467, 474 (7th Cir. 2016). Because Guidry could have challenged his guilty plea or indictment in his original appeal but failed to do so, these arguments were waived. *See United States v. Husband*, 312 F.3d 247, 251 (7th Cir. 2002). And in any event, we explicitly remanded Guidry's case for reconsideration of specified conditions of supervised release, so "the district court [was] limited to correcting that error." *See United States v. Parker*, 101 F.3d 527, 528 (7th Cir. 1996).

Counsel recognizes that the scope of our remand would limit Guidry from raising his potential arguments, as well as any other that does not relate to the vacated conditions of supervised release. *See Guidry*, 817 F.3d at 1010. Further, the district judge

eliminated all the challenged conditions and did not impose any new ones, so there is not even an adverse ruling for Guidry to appeal. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 333 (1980) (explaining that only a party "aggrieved by a judgment or order . . . may exercise the statutory right to appeal therefrom."); *see also* 18 U.S.C. § 3742(a).

Last, counsel considers whether Guidry could argue that the judge erred by saying that imposing new conditions of supervised release was "best left for further consideration at such time as Defendant may become eligible for release" from prison. But a district judge may impose conditions of supervised release at that time, although we have said this approach has "drawbacks" under certain circumstances. *See United States v. Orlando*, 823 F.3d 1126, 1133 (7th Cir. 2016); 18 U.S.C. § 3583(e)(2). In any event, the issue would not yet be ripe for appellate review, as the judge merely speculated that the terms of supervised could be modified in the future. *See United States v. Miller*, 829 F.3d 519, 530 (7th Cir. 2016). Should the conditions later be changed or expanded, Guidry could challenge them at that time. *See United States v. Neal*, 810 F.3d 512, 520 (7th Cir. 2016); 18 U.S.C. § 3583(e)(2).

We GRANT counsel's motion to withdraw and DISMISS the appeal.