**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 22-4265**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JABAR MARKEITH SELLERS,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Southern District of West Virginia, at Huntington.  Robert C. Chambers, District Judge.  (3:21-cr-00120-1)

───────────────

Submitted:  April 28, 2023                     Decided:  May 25, 2023

───────────────

Before WYNN, RICHARDSON, and HEYTENS, Circuit Judges.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  Wesley P. Page, Federal Public Defender, Jonathan D. Byrne, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant. William S. Thompson, United States Attorney, Ryan A. Keefe, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, West Virginia, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jabar Markeith Sellers pled guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The district court calculated Sellers' advisory imprisonment range under the U.S. Sentencing Guidelines Manual (2021) at 30 to 37 months and sentenced Sellers to 37 months' imprisonment and 3 years of supervised release. On appeal, Sellers challenges his sentence, arguing that the 37-month prison term is substantively unreasonable and that the district court abused its discretion in imposing a search condition as a special condition of supervised release. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up). "A sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively [substantively] reasonable." *United States v. Bennett*, 986 F.3d 389, 401 (4th Cir. 2021) (internal quotation marks omitted). "On appeal, such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* (cleaned up).[*]

Sellers argues that his prison term is unreasonable because it is greater than necessary to achieve the purposes of sentencing in light of the circumstances he faced growing up that were not accounted for by the Guidelines' imprisonment range. In

---

[*] We have confirmed after review of the record that Sellers' sentence is procedurally reasonable. *See United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019).

imposing the prison term, the district court properly relied on Sellers' offense conduct, his history and characteristics, and the needs for the sentence imposed to reflect the seriousness of his offense conduct, to promote respect for the law, to provide just punishment, and to afford deterrence, *see* 18 U.S.C. § 3553(a)(1), (2)(A)-(B).  In assigning weight to concerns stemming from Sellers' criminal conduct and history of recidivism and weighing those concerns more heavily than concerns stemming from his upbringing, the district court did not abuse its discretion, and we reject Sellers' argument to the contrary.  *See United States v. Rivera-Santana*, 668 F.3d 95, 105 (4th Cir. 2012) (stating it was within district court's discretion to accord more weight to host of aggravating factors in defendant's case and decide that sentence imposed would serve § 3553 factors on the whole); *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors.").  Although the 37-month prison term results from the district court's rejection of Sellers' request for a downward variance to 24 months' imprisonment, the court, we conclude, did not abuse its discretion in determining that the within-Guidelines prison term was justified by § 3553(a) factors relevant to Sellers' case.  *See United States v. Diosdado-Star*, 630 F.3d 359, 366-67 (4th Cir. 2011) (affirming substantive reasonableness of variance sentence six years greater than Guidelines range because it was based on district court's examination of relevant § 3553(a) factors); *see also United States v. Angle*, 598 F.3d 352, 359 (7th Cir. 2010) ("All that matters is that the sentence imposed be reasonable in relation to the 'package' of reasons given by the [district] court.").  Sellers fails to overcome the presumption that his within-Guidelines prison term is substantively reasonable.

Sellers also challenges the imposition of the search condition as a special condition of supervised release, arguing that it produces a greater deprivation of liberty than necessary and is not reasonably related to his history or characteristics.

"We review the imposition of special conditions of supervised release for abuse of discretion, recognizing that district courts have broad latitude in this space." *United States v. Hamilton*, 986 F.3d 413, 419 (4th Cir. 2021) (internal quotation marks omitted). A district court may impose a discretionary condition of supervised release if the condition is "reasonably related" to various enumerated sentencing factors. 18 U.S.C. § 3583(d)(1); *see* 18 U.S.C. § 3553(a)(1), (2)(B), (C), (D). The condition also must "involve[] no greater deprivation of liberty than is reasonably necessary," 18 U.S.C. § 3583(d)(2), and be "consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3).

Sellers does not dispute, and the record supports, that the search condition is consistent with the Sentencing Guidelines' policy statements. *See United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016); *United States v. Kingsley*, 241 F.3d 828, 837 (6th Cir. 2001). Further, the determinations made by the district court refute Sellers' assertions that the search condition produces an unnecessary deprivation of liberty and is not reasonably related to his history or characteristics. Instead, the condition reasonably closes a gap in the probation officer's authority to ensure Sellers does not recidivate while tempering the probation officer's discretion by limiting permissible searches to those conducted at a reasonable time and in a reasonable manner and on reasonable suspicion of a supervised

4

release violation after receipt of district court approval.  We thus conclude there is no abuse of discretion in the district court's imposition of the search condition.

Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*