**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 21-4454**

───────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

JAMES DAVID RATLIFF,

        Defendant - Appellant.

───────────────

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., Senior District Judge. (3:20-cr-00310-RJC-DSC-1)

───────────────

Submitted: June 2, 2023                         Decided: June 12, 2023

───────────────

Before DIAZ and RUSHING, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:** Elisa Cyre Salmon, SALMON LAW FIRM, LLP, Lillington, North Carolina, for Appellant. Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James David Ratliff pled guilty, pursuant to a written plea agreement, to forcibly assaulting, resisting, impeding, intimidating, and interfering with a Deputy United States Marshal engaged in the performance of official duties, in violation of 18 U.S.C. § 111(a)(1).  The district court sentenced Ratliff to 12 months' imprisonment, to run consecutively to any other term of imprisonment, and one year of supervised release.

Ratliff's counsel initially filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but challenging the length of Ratliff's sentence.  Ratliff was notified of his right to file a pro se supplemental brief but has not done so.  After conducting review pursuant to *Anders*, we ordered supplemental briefing on the reasonableness of the standard conditions of supervision in light of this court's decision in *United States v. Oliver*, No. 20-4500, 2022 WL 1223716 (4th Cir. Apr. 26, 2022) (argued but unpublished).

In his supplemental brief, Ratliff contends that the district court inadequately explained why it imposed the discretionary supervision conditions and improperly delegated its authority to the probation officer.  In response, the Government moves to dismiss Ratliff's appeal, arguing that the issues raised in Ratliff's *Anders* brief and supplemental brief are precluded by the appeal waiver in his plea agreement.  The Government further maintains that the district court adequately explained why it imposed the challenged supervision conditions and did not improperly delegate its authority to the probation officer.  Ratliff opposes the Government's motion, contending that the motion was untimely and that his arguments are outside the scope of the waiver.  We decline to

2

enforce the appeal waiver and deny the Government's motion to dismiss the appeal and affirm.

Turning to Ratliff's challenges to his sentence, we generally review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). First, we must ensure that the district court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *United States v. Fowler*, 948 F.3d 663, 668 (4th Cir. 2020) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). "If the sentence 'is procedurally sound, [this] court should then consider the substantive reasonableness of the sentence,' taking into account the totality of the circumstances." *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 51). Any sentence within or below a properly calculated Guidelines range is presumptively reasonable. *United States v. Gillespie*, 27 F.4th 934, 945 (4th Cir.), *cert. denied*, 143 S. Ct. 164 (2022). A defendant can rebut the presumption only by showing that the sentence is unreasonable when measured against the § 3553(a) factors. *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Because Ratliff did not challenge the length of his term of imprisonment or the conditions of supervised release before the district court, we review those issues only for plain error. *See United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). "There is

3

plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). Under the third prong, Ratliff bears the burden to "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Combs*, 36 F.4th 502, 507 (4th Cir. 2022) (internal quotation marks omitted).

We conclude that Ratliff's sentence is procedurally and substantively reasonable. The district court correctly calculated the Guidelines range, to which Ratliff did not object, and explained why it imposed the custodial sentence and term of supervised release, specifically citing the seriousness of the offense, Ratliff's criminal history, and Ratliff's disregard for the law. Ratliff fails to overcome the presumption of reasonableness accorded to his within-Guidelines sentence.

Similarly, we discern no plain error in the procedural and substantive reasonableness of the conditions of supervised release. To the extent that the district court did not directly explain why it imposed the discretionary conditions of supervision, the court's reasoning is self-evident, Ratliff did not object to the supervision conditions, and the court provided a sufficient explanation for the sentence as a whole. *See United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021). Moreover, the discretionary supervision conditions are consistent with the requirements of 18 U.S.C. § 3583(d). *See United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016) (noting that the special conditions recommended in the Guidelines "may otherwise be appropriate in particular cases"

4

(internal quotation marks omitted)).  Lastly, with respect to Ratliff's improper delegation challenges to certain discretionary supervision conditions, we discern no reversible plain error.  And to the extent that the court erred, it did not affect Ratliff's substantial rights. We therefore affirm the challenged supervision conditions.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  Accordingly, while we deny the Government's motion to dismiss the appeal, we affirm the district court's judgment.  This court requires that counsel inform Ratliff, in writing, of the right to petition the Supreme Court of the United States for further review.  If Ratliff requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Ratliff.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*