**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4508

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

REGINALD EARL WILLIAMS, JR.,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Richard E. Myers, II, Chief District Judge.  (4:20-cr-00102-M-1)

Submitted:  August 29, 2023                         Decided:  September 29, 2023

Before NIEMEYER, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Reginald Earl Williams, Jr., pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924.  The district court sentenced Williams to 84 months' imprisonment and imposed, in relevant part, a special condition of supervised release requiring him to submit to warrantless searches.  On appeal, Williams argues that this special condition is procedurally unreasonable because the district court failed to explain its reasons for imposing the condition.  He also asserts that the warrantless search condition is substantively unreasonable because it intrudes on his constitutional rights and conflicts with 18 U.S.C. § 3583(d)(3) and the Sentencing Guidelines' policy statements. We affirm.

"We review the reasonableness of a sentence under 18 U.S.C. § 3553(a) using an abuse-of-discretion standard, regardless of whether the sentence is inside, just outside, or significantly outside the Guidelines range." *United States v. Nance*, 957 F.3d 204, 212 (4th Cir. 2020) (cleaned up).  We first evaluate the sentence for significant procedural error, such as improperly calculating the Sentencing Guidelines range, inadequately considering the § 3553(a) factors, or insufficiently explaining the chosen sentence.  *Id.*  If the sentence is procedurally reasonable, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances.  *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019).

To preserve a challenge to a proposed condition of supervised release, objections "must be made with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."  *United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2022)

2

(internal quotation marks omitted), *petition for cert. filed*, No. 22-1055 (U.S. May 1, 2023). We conclude that Williams' request for a downward variance from the advisory Guidelines range was not sufficiently specific to preserve a challenge to the proposed special condition of supervised release; our review is therefore for plain error. *Id.* at 611-12. "To establish plain error, [Williams] must show that an error occurred, that it was plain, and that it affected his substantial rights." *United States v. McMiller*, 954 F.3d 670, 674 (4th Cir. 2020). Williams must also show that the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

"District courts have broad latitude to impose discretionary conditions of supervised release." *United States v. Boyd*, 5 F.4th 550, 557 (4th Cir. 2021) (internal quotation marks omitted). A district court may impose any discretionary condition so long as it "is reasonably related to the statutory sentencing factors referenced in 18 U.S.C. § 3583(d)(1)." *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017) (internal quotation marks omitted). The condition must "involve[] no greater deprivation of liberty than is reasonably necessary" to satisfy these factors, 18 U.S.C. § 3583(d)(2), and be "consistent with any pertinent policy statements issued by the Sentencing Commission," 18 U.S.C. § 3583(d)(3). A district court must explain why a discretionary condition is warranted under § 3583(d). *Boyd*, 5 F.4th at 557. However, "[t]he degree of explanation required—the appropriateness of brevity or length, conciseness or detail, when to write, what to say—varies with the complexity of a given case." *Id.* (cleaned up). At bottom, the district court must provide "enough of an explanation to satisfy us that it has considered

3

the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority." *Id.* at 559 (cleaned up).

Williams has not demonstrated plain error.  The district court explained why it was imposing the conditions of release, tying them to the statutory requirements, the nature of the instant offense, and Williams' history of drug use.  Furthermore, although Williams asserts that the search condition impermissibly infringes on his constitutional rights, it is well established "that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights." *United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014).  Notably, the Supreme Court has acknowledged that "a condition of release can so diminish or eliminate a released prisoner's reasonable expectation of privacy that a suspicionless search by a law enforcement officer would not offend the Fourth Amendment." *Samson v. California*, 547 U.S. 843, 847 (2006).  Moreover, the discretionary supervision conditions are consistent with the requirements of 18 U.S.C. § 3583(d).  *See United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016) (noting that special conditions recommended in the Guidelines for one offense "may otherwise be appropriate in [other] cases" (internal quotation marks omitted)).  We conclude the imposition of the search condition was procedurally and substantively reasonable.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

4