**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 23-4384**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRY WAYNE SHERMAN,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:21-cr-00070-D-1)

———————————

Submitted:  July 25, 2024                                             Decided:  July 29, 2024

———————————

Before GREGORY, HARRIS, and QUATTLEBAUM, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Robert J. Parrott Jr., PARROTT LAW, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In April 2022, Terry Wayne Sherman pled guilty, without the benefit of a written plea agreement, to conspiracy to possess with intent to distribute 100 grams or more of heroin, 40 grams or more of fentanyl, and a quantity of crack cocaine, in violation of 21 U.S.C. §§ 841(a), 846, and 15 counts of distributing various narcotics. The district court imposed a 144-month sentence and a 5-year term of supervised release. On appeal, Sherman argues that the sentence is procedurally unreasonable and challenges one of the supervised release conditions. We affirm.

We review "all sentences—whether inside, just outside, or significantly outside the [Sentencing] Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Torres-Reyes*, 952 F.3d 147, 151 (4th Cir. 2020) (internal quotation marks omitted). In conducting this review, we must first ensure that the sentence is procedurally reasonable, "consider[ing] whether the district court properly calculated the defendant's advisory [G]uidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence." *Id*. (internal quotation marks omitted).

After considering Sherman's arguments in conjunction with the record, we are satisfied that the selected sentence, which was below the applicable Guidelines range, is procedurally reasonable. The district court properly calculated Sherman's Guidelines range, evaluated the § 3553(a) factors it deemed most relevant, and provided a meaningful explanation for the selected sentence. *See Gall v. United States*, 552 U.S. 38, 49-51 (2007). Despite Sherman's assertions to the contrary, we hold that the court both adequately

responded to Sherman's arguments in favor of a greater reduction in his sentence and explained its reasons for not adopting the proffered sentencing recommendation, which, again, were rooted in the § 3553(a) sentencing factors. Nor do we agree with Sherman's position that the district court erred in its sentencing process, *see United States v. Diosdado-Star*, 630 F.3d 359, 363-66 (4th Cir. 2011) (holding no procedural error resulting from court "varying before considering any applicable departures"), or his suggestion that *Diosdado-Star* has been abrogated. Accordingly, on this record, we discern no reversible procedural error in the court's selection of Sherman's term of imprisonment.

Sherman also challenges the court's imposition of a special condition of supervised release requiring that he submit to warrantless searches. Because Sherman did not challenge this supervised release condition before the district court—and his arguments for a lower sentence did not relate to the condition, *see United States v. Elbaz*, 52 F.4th 593, 611 (4th Cir. 2022), *cert. denied*, 144 S. Ct. 278 (2023)—we review this issue for plain error, *see United States v. McMiller*, 954 F.3d 670, 675 (4th Cir. 2020). "There is plain error only when (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Comer*, 5 F.4th 535, 548 (4th Cir. 2021) (internal quotation marks omitted). Under the third prong, Sherman bears the burden to "show a reasonable probability that, but for the error, the outcome of the proceeding would have been different." *United States v. Combs*, 36 F.4th 502, 507 (4th Cir. 2022) (internal quotation marks omitted).

3

Upon review, we discern no plain error in the procedural and substantive reasonableness of the warrantless-search condition. Specifically, to the extent that the district court did not directly explain why it imposed this condition, the court's rationale is "self-evident and unassailable" in that the record clearly establishes that Sherman is a dedicated drug dealer, with minor children, who has not been deterred from criminality despite multiple shorter sentences—including a prior term of imprisonment in the Bureau of Prisons. *Elbaz*, 52 F.4th at 613 (internal quotation marks omitted). Moreover, Sherman did not object to the challenged condition, and the court provided a sufficient explanation for the sentence as a whole. *See United States v. Boyd*, 5 F.4th 550, 559 (4th Cir. 2021) (explaining that "if the reasons for a given condition are 'self-evident,' and a defendant fails to raise nonfrivolous objections, a 'sentence-as-a-whole' explanation can suffice" (citation omitted)). Finally, despite Sherman's suggestion to the contrary, the warrantless-search condition is consistent with the requirements of 18 U.S.C. § 3583(d) and authorized under the Guidelines. *See accord United States v. Neal*, 810 F.3d 512, 520-21 (7th Cir. 2016) (rejecting similar argument that the special condition of supervised release mandating submission to warrantless searches is only applicable to sex offenders and recognizing that the Guidelines specifically provide that the warrantless-search condition "may otherwise be appropriate in particular cases" (internal quotation marks omitted)). However, even if the district court erroneously imposed the challenged condition, we find that it did not affect Sherman's substantial rights or seriously affect the fairness, integrity, or public reputation of judicial proceedings. We therefore affirm the district court's imposition of the challenged supervision condition.

4

5

For these reasons, we affirm the criminal judgment.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*