**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4144

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENTREL DEANGELO JORDAN FAUCETTE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:18-cr-00292-WO-1)

Submitted:  May 20, 2024                          Decided:  May 30, 2024

Before KING and GREGORY, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Ryan M. Gaylord, BELL, DAVIS & PITT, P.A., Winston-Salem, North Carolina, for Appellant.  Mary Ann Courtney, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kentrel Deangelo Jordan Faucette appeals the district court's judgment revoking his term of supervised release and sentencing him to 20 months of imprisonment followed by 12 months of supervised release. On appeal, Faucette's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court erred by considering evidence found during an allegedly unconstitutional search, whether the district court clearly erred in finding that Faucette violated the conditions of supervised release, and whether Faucette's sentence is procedurally and substantively reasonable. Faucette has filed a pro se supplemental brief requesting vacatur of his revocation sentence because the state charges underlying the revocation petition were dismissed. The Government has declined to file a response brief. Finding no error, we affirm.

First, under the exclusionary rule, the Government is prohibited from introducing at a criminal trial "evidence obtained in violation of a defendant's Fourth Amendment rights." *United States v. Stephens*, 764 F.3d 327, 335 (4th Cir. 2014) (internal quotation marks omitted). However, "the exclusionary rule does not apply in federal supervised release revocation proceedings." *United States v. Armstrong*, 187 F.3d 392, 393 (4th Cir. 1999). Because the evidence challenged by Faucette was considered in a revocation proceeding, not a criminal prosecution, *Armstrong* forecloses his constitutional challenge to the evidence supporting the revocation of his supervised release.

Next, we review "a district court's decision to revoke a defendant's supervised release for abuse of discretion," its underlying factual findings for clear error, and

2

unpreserved challenges for plain error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). A district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3). After reviewing the record and the parties' briefs, we conclude that the district court did not abuse its discretion in revoking Faucette's supervised release. The Government presented undisputed testimony at the revocation hearing that Faucette admitted distributing and using marijuana. Therefore, based on Faucette's new criminal conduct and use of a controlled substance, we discern no abuse of discretion in the revocation of Faucette's supervised release. *See id.*; U.S. Sentencing Guidelines Manual § 7B1.3(a)(1), p.s. (2021) ("Upon a finding of a Grade A or B violation, the court shall revoke . . . supervised release.").

Faucette's counsel also questions the reasonableness of Faucette's revocation sentence. "A district court has broad . . . discretion in fashioning a sentence upon revocation of a defendant's term of supervised release." *United States v. Slappy*, 872 F.3d 202, 206 (4th Cir. 2017). We "will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). Before deciding whether a revocation sentence is plainly unreasonable, we must first determine whether the sentence is procedurally or substantively unreasonable, based on "the same procedural and substantive considerations that guide our review of original sentences," but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (cleaned up). Even if a revocation sentence is unreasonable, we will reverse only if it is "plainly so." *Slappy*, 872 F.3d at 208 (internal quotation marks omitted).

3

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Id.* at 207 (footnote omitted). "A revocation sentence is substantively reasonable if, in light of the totality of the circumstances, the court states an appropriate basis for concluding that the defendant should receive the sentence imposed." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted). Moreover, "a revocation sentence that is within the recommended Guidelines range is presumed reasonable." *United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018) (internal quotation marks omitted).

We conclude that Faucette's revocation sentence is both procedurally and substantively reasonable. When imposing Faucette's sentence, the district court correctly calculated the policy statement range, considered the relevant statutory factors, imposed a sentence within the statutory maximum, gave sufficiently detailed reasons for its decision, and provided Faucette an opportunity to argue for a lower sentence. We also conclude that Faucette fails to rebut the presumption of substantive reasonableness accorded to his within-policy-statement-range sentence. *See id.*

Lastly, contrary to Faucette's argument in his pro se supplemental brief, "a district court may sentence a defendant to a revocation sentence for violating state, local, or federal law even though the defendant has not been convicted of that new offense." *United States v. Jackson*, 952 F.3d 492, 500 (4th Cir. 2020); USSG § 7B1.1 cmt. n.1, p.s. The district

4

court thus did not err in revoking Faucette's supervised release even though the underlying state charges were later dismissed.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.[*]  Accordingly, we affirm the district court's judgment.  This court requires that counsel inform Faucette, in writing, of the right to petition the Supreme Court of the United States for further review.  If Faucette requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Faucette.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] Although neither counsel nor Faucette raised any issues with the conditions of supervised release, pursuant to our *Anders* review, we placed this case in abeyance for our decision in *United States v. Jackson*, No. 22-4159, 2024 WL 1155767 (4th Cir. Mar. 19, 2024) (argued but unpublished).  We discern no reversible plain error in this case. *See United States v. McMiller*, 954 F.3d 670, 676-77 (4th Cir. 2020); *United States v. Neal*, 810 F.3d 512, 521 (7th Cir. 2016).